UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-11823 RCL

|  |  |
|---|---|
| TECOGEN, INC., | ) |
| Plaintiff and Defendant-in-Counterclaim, | ) ) ) ) |
| v. | ) ) |
| AEGIS ENERGY SERVICES, INC., AEGENCO, INC. and AEGIS GENERATION COMPANY, | ) ) ) ) |
| Defendants and Plaintiffs-in-Counterclaim. | ) ) ) ) |

# ANSWER TO COUNTERCLAIMS

The Plaintiff and Defendant-in-Counterclaim Tecogen, Inc. ("Tecogen"), by its attorneys, Answers the Counterclaims as follows:

1. Tecogen admits the allegations in Paragraph 1.

2. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies the same.

3. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the same.

4. The allegations in Paragraph 4 state legal conclusions to which no response is required.

5. The allegations in Paragraph 5 state legal conclusions to which no response is required.

### First Claim For Relief

(Intentional Interference with Contractual Relations)

6. Tecogen repeats and realleges each and every allegation contained in paragraphs 1 through 6 hereof with the same force and effect as if set forth at length herein.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required; however, further answering, Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same, except Tecogen states the document referenced therein speaks for itself and no further response is required.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required; however, further answering, Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the same, except Tecogen states the document referenced therein speaks for itself and no further response is required.

9. Tecogen denies the allegations in Paragraph 9, except admits being aware of information indicating Aegis Energy submitted proposals for, or was involved with purchase orders concerning, the sale of Aegis Energy-made cogeneration modules in response to requests for bids on projects in which Atlantic had some involvement.

10. Tecogen denies the allegations in Paragraph 10, except admits that it mailed the letter referenced therein and, further answering, states that the letter speaks for itself and no further response is required.

11. Tecogen denies the allegations in Paragraph 11, except admits that it mailed the letter referenced therein and, further answering, states that the letter speaks for itself and no further response is required.

12. Tecogen denies the allegations in Paragraph 12, except states that the document referenced therein speaks for itself and no further response is required.

13. The allegations in Paragraph 13 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

## Second Claim For Relief

(Intentional Interference with Contractual Relations)

14. Tecogen repeats and realleges each and every allegation contained in paragraphs 1 through 13 hereof with the same force and effect as if set forth at length herein.

15. Tecogen admits the allegations in Paragraph 15.

16. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the same, except Tecogen states that the document referenced therein speaks for itself and no further response is required.

17. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies the same first two sentences of Paragraph 17, except admits on information and belief that J&M Heating is a subcontractor of Atlantic on the Lakeland School District project. The third sentence of Paragraph 17 states a legal conclusion to which no response is required. The remainder of Paragraph 17 references a document, which document speaks for itself and no further response is required.

18. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies the same, except admits receipt of the

document referenced therein, which document speaks for itself and no further response is required.

19. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the same, except Tecogen further answers that Paragraph 19 references a document, which document speaks for itself and no further response is required.

20. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the same, except admits that Aegis Energy sent the document referenced therein, which document speaks for itself and no further response is required.

21. Tecogen denies the allegations in Paragraph 21.

22. Tecogen denies the allegations in Paragraph 22, except Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Aegis Energy felt compelled to do and, therefore, denies the same, and further answers that Paragraph 22 references a document, which document speaks for itself and no further response is required.

23. Tecogen denies the allegations in Paragraph 23, except admits that after Aegis Energy refused to agree to terms and conditions requiring that Aegis Energy timely pay for the modules it sought to purchase from Tecogen, Tecogen did not accept Aegis Energy's order for the same.

24. Tecogen admits terminating Aegis Energy as an authorized dealer of Tecogen cogeneration modules and related parts and equipment on June 24, 2005, and denies the remaining allegations in Paragraph 24, except states that Paragraph 24 references a document, which document speaks for itself and no further response is required.

25. Tecogen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the same.

26. Tecogen denies the allegations in Paragraph 26.

## Third Claim For Relief

(Violation of M.G.L. c. 93A, §1 *et. seq.*)

27. Tecogen repeats and realleges each and every allegation contained in paragraphs 1 through 26 hereof with the same force and effect as if set forth at length herein.

28. The allegations in Paragraph 28 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

29. The allegations in Paragraph 29 state legal conclusions to which no response is required.

30. Tecogen denies the allegations in Paragraph 30, except states that the documents referenced therein speak for themselves and no further response is required.

31. Tecogen denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

33. The allegations in Paragraph 33 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

34. The allegations in Paragraph 34 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

35. The allegations in Paragraph 35 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

36. The allegations in Paragraph 36 state legal conclusions to which no response is required; however, further answering, Tecogen denies the same.

## PRAYER FOR RELIEF

Tecogen denies that Aegis Energy is entitled to the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The counterclaims fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Affirmative Defense

The counterclaims are barred in whole or in part by the doctrine of justification.

### Third Affirmative Defense

The counterclaims are barred in whole or in part by the doctrine of privilege.

### Fourth Affirmative Defense

The counterclaims are barred in whole or in part by the Plaintiffs-in-Counterclaims' own unclean hands.

### Fifth Affirmative Defense

The counterclaims are barred in whole or in part by the doctrine of estoppel.

### Sixth Affirmative Defense

The counterclaims are barred in whole or in part by the doctrine of waiver.

### Seventh Affirmative Defense

The counterclaims are barred in whole or in part by the doctrine of laches.

          Respectfully submitted,

          TECOGEN, INC.,

          By its attorneys,

          /s/ *Julie A. Frohlich*
          Julie A. Frohlich (BBO# 554707)
          Derek B. Domian (BBO# 660568)
          Goulston & Storrs
          A Professional Corporation
          400 Atlantic Avenue
          Boston, MA 02110-3333
          (617) 482-1776

Dated: November 8, 2005

## Certificate of Service

I, Julie A. Frohlich, hereby certify that on November 8, 2005, I caused a true copy of the foregoing Answer to Counterclaims to be served by first class mail, postage prepaid upon counsel of record for Defendants/Plaintiffs-in-Counterclaim:

>William A. Zucker, Esq.
>Gadsby Hannah LLP
>225 Franklin Street
>Boston, MA 02110

/s/ *Julie A. Frohlich*

GSDOCS-1523839-1