# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOGEN, INC.,       ) | |
|       ) | |
|      Plaintiff,       ) | Civil Action No. 05-11823 RCL |
|       ) | |
|      v.       ) | |
|       ) | |
| AEGIS ENERGY SERVICES, INC.,       ) | |
| AEGENCO, INC., and AEGIS       ) | |
| GENERATION COMPANY,       ) | |
|       ) | |
|      Defendants       ) | |

## JOINT STATEMENT OF PARTIES PURSUANT TO LOCAL RULE 16.1(D)

Plaintiff, Tecogen, Inc., and defendants, Aegis Energy Services, Inc., and Aegenco, Inc., hereby respectfully submit this Joint Statement of Parties Pursuant to Local Rule 16.1(D) in preparation for the Court's upcoming Initial Scheduling Conference. The parties hereby state that they have conferred on the subjects outlined in Fed. R. Civ. P. 16 and 26, Local Rule 16.1, and the Court's Notice of Scheduling Conference and Additional Matters dated October 20, 2005, and submit the following Joint Statement with Proposed Pretrial and Discovery Plans and Schedules for this action as follows:

A. **Proposed Agenda For Scheduling Conference**

Counsel for the parties have conferred and propose an agenda for the Scheduling Conference as follows:

    1.    Discussion of Pre-Trial Schedule and Discovery Plan; and

    2.    Discussion of mediation.

**B.   Summary of the Parties' Positions**

1.   **Plaintiff's Claims**

(a) **Copyright Infringement Claim**

The plaintiff, Tecogen, contends that the defendants have reproduced and distributed portions of the Tecogen Installation Manual constituting an act of copyright infringement. The plaintiff further contends that the defendants have incorporated software into the Aegis Modules that reproduces copyright protected portions of the computer program used in the Tecogen Modules. The Plaintiff alleges copyright infringement of the Tecogen Installation Manual and computer program used in the Tecogen Modules under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and under the common law. The plaintiff seeks damages, an injunction, and attorneys' fees.

The defendants, Aegis Energy Services, Inc., and Aegenco, Inc., deny each and every allegation of copyright infringement. The defendants seek costs of suit and attorneys' fees incurred in defense of this action.

(b) **Patent Infringement Claim**

The plaintiff alleges patent infringement of U.S. Patent No. 5,033,264, entitled "Compact Cogeneration System," (the " '264 patent") under 35 U.S.C. § 101, *et seq.* The plaintiff seeks damages, an injunction, and attorneys' fees.

The defendants deny each and every allegation of patent infringement. The defendants assert the affirmative defenses of non-infringement, patent invalidity, inequitable conduct, unclean hands, and unenforceability. The defendants seek costs of suit and attorneys' fees incurred in defense of this action.

### (c) Unfair Competition and Unfair and Deceptive Practices

The plaintiff alleges that defendants have copied Tecogen's intellectual property in violation of Massachusetts General Laws Chapter 93A for unfair and deceptive acts or practices and unfair competition. The plaintiff seeks damages, an injunction, and attorneys' fees.

The defendants deny each and every allegation of unfair competition and unfair and deceptive practices. The defendants seek costs of suit and attorneys' fees incurred in defense of this action.

### 2. Defendants' Counterclaims

### (a) Intentional Interference with Contractual Relations (First Claim)

The defendants (counterclaim plaintiffs) allege that the plaintiff (counterclaim defendant) performed intentional acts designed to disrupt a valid contract and beneficial business relationship between Aegis Energy Services, Inc., and Atlantic Energy Services, Inc. The defendants (counterclaim plaintiffs) seek damages, an injunction, and attorneys' fees.

The plaintiff (counterclaim defendant) denies each and every allegation of intentional interference with contractual relations and, additionally, asserts, among other defenses, the affirmative defenses of justification and privilege.

### (b) Intentional Interference with Contractual Relations (Second Claim)

The defendants (counterclaim plaintiffs) allege that the plaintiff (counterclaim defendant) performed intentional acts designed to disrupt a valid contract and beneficial business relationship between Aegis Energy Services, Inc., and J&M Heating and A/C, Inc. The defendants (counterclaim plaintiffs) seek damages, an injunction, and attorneys' fees.

The plaintiff (counterclaim defendant) denies each and every allegation of intentional interference with contractual relations and, additionally, asserts, among other defenses, the affirmative defenses of justification and privilege.

3

### (c)  Unfair Competition and Unfair and Deceptive Practices

The defendants (counterclaim plaintiffs) allege that the plaintiff (counterclaim defendant), by itself and through its attorneys, has contacted and distributed false and misleading information to numerous customers of Aegis Energy Services, Inc., and Aegenco, Inc., regarding certifications for cogeneration modules in violation of Massachusetts General Laws Chapter 93A for unfair and deceptive acts or practices and unfair competition.  The defendants (counterclaim plaintiffs) seek damages, an injunction, and attorneys' fees.

The plaintiff (counterclaim defendant) denies each and every allegation of Unfair Competition and Unfair and Deceptive Practices.

### C.  Joint Discovery Plan

#### 1.  Limits

Both parties request an exception to L. R. 26.1(C) to include one additional set of interrogatories, requests for admissions, and requests for production on the subject of copyright infringement in the event that discovery on the copyright infringement claims is delayed pending the verification of copyright registrations, and/or the subject matter jurisdiction of the copyright claims is challenged, provided, however, that the total number of interrogatories and requests for admissions served shall not exceed thirty-five (35) each irrespective of whether the parties use one set or two sets of such written discovery requests.

#### 2.  Phasing

The parties believe that while formal phasing may be inappropriate, the parties should attempt to arrange discovery so liability is addressed before damages to the extent appropriate.

#### 3.  Magistrate Judge

The parties have not agreed to trial by a magistrate judge.

4

**4.    Schedule**

The parties have not been able to agree to a joint proposed discovery and Markman Hearing schedule; however, between the filing of this Joint Statement and the December 7th Scheduling Conference, their counsel will continue to discuss the schedule in an attempt to arrive at a jointly agreed upon schedule.

In large part, the disagreement centers on the timing for the Markman Hearing on plaintiff's patent infringement claim. The plaintiff proposes that the Markman Hearing and associated briefing on claims construction be held later in the case after the close of fact and expert discovery, as reflected in the plaintiff's proposed schedule below. The defendants propose that the Markman Hearing and associated briefing on claims construction be held early in the case during fact discovery and before expert discovery, as reflected in the defendants' proposed schedule below.

(a) **The Parties' Proposed Discovery and Markman Hearing Schedule:**

The plaintiff and defendant propose the following respective discovery and Markman Hearing schedule as follows:

| Event | Proposed Dates | |
|---|---|---|
| | Plaintiff | Defendant |
| Scheduling Conference | 12/7/05 | 12/7/05 |
| Complete Rule 26(a)(1) Disclosures | 12/19/05 | 12/19/05 |
| Deadline for filing Motions to Amend Pleadings or Add Parties | 4/28/06 | 4/28/06 |
| Deadline for Completion of Fact Discovery, including production of documents and all written fact discovery and depositions of fact witnesses | 7/31/06 | 9/1/06 |
| Service of Rule 26(a)(2) Initial Expert Reports (on issues for which each party bears the burden of proof) | 9/18/06 | 9/18/06 |
| Service of Opposition Expert Reports or reports on issues for which a party does not bear the burden | 10/18/06 | 10/18/06 |
| Beginning of Expert Depositions | 10/19/06 | 10/19/06 |

| | | |
|---|---|---|
| Completion of Expert Depositions | 12/29/07 | 1/17/07 |
| Deadline for Filing Claims Construction Briefs | 2/2/07 | 6/15/06 |
| Deadline for Filing Claims Construction Reply Briefs | 2/19/07 | 7/15/06 |
| Markman Hearing | 3/6/07 | 8/15/06 |
| Deadline for Filing Dispositive Motions | 30 days - (after Markman Ruling issues) | 2/17/07 |
| Case Ready for Final Pretrial Conference | 6/15/07 | 4/16/07 |

### D.  Settlement and Certifications

The parties have discussed and are continuing to discuss settlement. The Certifications signed by counsel and an authorized representative of each party affirming that each party and that party's counsel have conferred as to the subjects identified in Local Rule 16.1(D)(3) are filed contemporaneously hereto.


Respectfully submitted,

AEGIS ENERGY SERVICES, INC., and
AEGENCO, INC.

By their attorneys,

Anthony P. DeLio
Peter W. Peterson
Robert Curcio
DELIO & PETERSON, LLC
121 Whitney Avenue
New Haven, CT 06510
(203) 787-0595
Pro Hac Vice


William A. Zucker, BBO # 541240
David Himelfarb, BBO# 649596
GADSBY HANNAH LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

Dated: _____

TECOGEN, INC.

By their attorneys,

Janie A. Frohlich, BBO # 554707
Derek B. Domain, BBO # 660568
Goulston & Storrs, PC
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776


Dated: 11-30-05

6