UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TECOGEN, INC., | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | C.A. No. 05-11823 RCL |
|  | ) | |
| AEGIS ENERGY SERVICES, INC., | ) | |
| AEGENCO, INC. and | ) | |
| AEGIS GENERATION COMPANY, | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED by the undersigned counsel of record and ORDERED by the Court that:

1. Introduction

All Confidential Material, as defined in Paragraph 2, produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation and shall not be used for any purpose or in any other action except by further order of the Court. Confidential Material shall not be disclosed to any person except in accordance with the terms of this Stipulated Protective Order ("Order") or by further order of the Court.

2. "Confidential Material"

A. "Confidential Material" means information in written, oral, electronic, graphic, audiovisual, or other form, whether that information be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, which a party designates as (1) "CONFIDENTIAL" or (2) "CONFIDENTIAL-ATTORNEYS EYES ONLY;" and which constitutes or contains a trade

secret or other proprietary or confidential research, development, or commercial information, including, without limitation, sales, costs, pricing, profits, customer lists, research, business development, product development, financial and accounting information, software code, employment policies, and marketing plans.

      B.    Confidential Material does not include information that is already in the public domain at the time of disclosure, as evidenced by a document; information that is already in the possession of a receiving party at the time of disclosure by the designating party and was not acquired from the designating party; information independently developed by a party prior to the time of disclosure and without reference to Confidential Material; information lawfully received from a non-party who is not bound by a confidential obligation concerning the received information; or information disclosed by a non-party having the legal right to do so and the non-party discloses the information without designating the information "Confidential" or "Confidential-Attorneys Eyes Only."

3.    <u>"Confidential-Attorneys Eyes Only"</u>

      A.    "Confidential-Attorneys Eyes Only" means Confidential Material that the designating party reasonably believes contains information, the disclosure of which will cause irreparable harm to the competitive position of the designating party.

4.    <u>Designations of Confidential Material</u>

      A.    Each designating party who produces or discloses any material that the designating party reasonably believes to contain Confidential Material must prominently mark the material with one of the following designations: (1) "CONFIDENTIAL" or (2) "CONFIDENTIAL-ATTORNEYS EYES ONLY;"

B.	Documents may be designated as "Confidential" by clearly marking such documents with a legend that states at least: "CONFIDENTIAL;"

C.	Documents may be designated as "Confidential-Attorneys Eyes Only" by clearly marking such documents with a legend that states: "CONFIDENTIAL-ATTORNEYS EYES ONLY;"

D.	An answer to an interrogatory may be designated as the appropriate category of Confidential Material by a statement in the interrogatory response or by marking such document with the legend identified in sections 4(B) and (C) above;

E.	A deposition transcript or a portion thereof may be designated as the appropriate category of Confidential Material by indicating on the record at the deposition that the specific part of the testimony or any documents or thing used at the deposition is Confidential Material. The party may also designate information disclosed at a deposition as Confidential Material by notifying all parties in writing, within 14 days of receipt of the transcript by attorneys for the designating party, of the specific pages and lines of the transcript that contain Confidential Material. Each party must attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody, or control. Unless otherwise agreed by counsel on the record during a deposition, all depositions shall be treated as Confidential-Attorneys Eyes Only for a period of at least 14 days after a transcript of the deposition is actually received by attorneys for the party seeking the designation;

F.	Information sought from a third-party witness that one of the parties considers to be Confidential Material may be designated as such and shall be subject to this Order;

G.	Counsel of record shall exert their best efforts to make confidentiality designations before the disclosure of Confidential Material;

H.     The inadvertent or unintentional disclosure of the producing party of Confidential Material—whether or not the material was designated as Confidential Material at the time of the disclosure—shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, so long as the producing party notifies all other parties within 14 days of the production or disclosure. Any such notice shall be made in writing, accompanied by appropriately marked substitute copies of such information. Within 5 days of receiving the substitute copies, the receiving party shall return or destroy the unmarked information and all copies thereof.

5.    Disclosure of Confidential Material

A.    Information designated as Confidential Material may be disclosed only to the following persons ("Qualified Persons"):

1.    Attorneys appearing as counsel of record for the parties in this litigation, and their members and employees who are assisting in this litigation and whose duties require access to Confidential Material;

2.    Officers, directors, in-house counsel, or other employees of the parties who are assisting in this litigation and who need access to Confidential Material;

3.    The authors, addressees and copy recipients of documents containing Confidential Material, including, but not limited to, the producing party's present and former employees, agents, consultants and attorneys;

4.    Any expert retained by a party or its attorneys pursuant to the terms of this Order and (i) who have no other relationship with any of the parties hereto or any of their

competitors and (ii)   who have not individually or corporately, actually or constructively, had access to other confidential information of a party.

       5.      Persons taking or recording testimony involving Confidential Material and their employees whose duties require access to Confidential Material;

       6.      The Court and the Court's staff;

       7.      Trial witnesses during the course of the examination of such persons;

       8.      Deposition witnesses with consent of the producing party's counsel; provided, however, that if such counsel refuses during a deposition to consent to the disclosure of Confidential Material to a deposition witness, then that deposition may be suspended and subsequently resumed after the parties have sought an order of the Court pursuant to subsection 5(A)(9)(b); and

       9.      Any other person (a) upon the written consent of the parties or (b) by order of the Court.

     B.     Other than those persons identified in Sections 5(A)(1), 5(A)(5), 5(A)(6), 5(A)(7), 5(A)(8) and 5(A)(9)(b), no person shall have access to Confidential Material without having first read, acknowledged, and agreed in writing to be bound by this Order.  Such written acknowledgments shall be in the form attached hereto as Exhibit A.  A file of all such original written acknowledgements shall be maintained by the party obtaining them, and copies of such written acknowledgments shall be provided to all counsel of record upon request.  Persons who are permitted access to Confidential Material under this Order solely for clerical or administrative purposes, and who do not retain copies of extracts thereof, are not required to execute written acknowledgments, but are otherwise bound by all terms of this Order.

C. Confidential Material designated as "Confidential" may only be disclosed to Qualified Persons;

D. Confidential Material designated as "Confidential-Attorneys Eyes Only" may only be disclosed to those Qualified Persons falling within the categories specified in Sections 5(A)(1), 5(A)(3), 5(A)(4), 5(A)(5), 5(A)(6), 5(A)(7) and, to the extent permitted by written consent of the parties or Court Order, 5(A)(8) and (9). Prior to disclosing for the first time any information designated as "Confidential-Attorneys Eyes Only" to an expert under Section 5(A)(4), the party seeking to make such disclosure must give at least 14 business days advance written notice to all other parties, which states the name and address of each person to whom disclosure will be made, a resume, a list of such person's professional relationships over the past 5 years including the present, and the relationship of each such person to the parties. If within the 14 day period, a notice is served objecting to the proposed disclosure, no disclosure may be made until the parties or the Court have resolved the issue.

E. This Order does not prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Material consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

6. Objections to Disclosure

A. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Confidential-Attorneys Eyes Only" at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto.

B. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of Confidential Material, the parties shall first try to resolve their disagreement in good faith on an informal basis. If the disagreement cannot be resolved,

the party objecting to the designation may seek appropriate relief from the Court, in which instance the burden of persuasion shall be on the designating party.

7. <u>Use of Confidential Material</u>

A. All documents containing information designated as "Confidential-Attorney Eyes Only" and notes or other records concerning that information shall be maintained in the custody or control of outside counsel for the parties, and no partial or complete copies thereof shall be retained by anyone else at any location, other than an office of outside counsel not the premises of a party; provided, however, that experts qualified under Section 5(A)(4) who have executed the written acknowledgment attached hereto as Exhibit A may retain documents for purposes of study, analysis, and preparation for this action at offices that are not on the premises of a party; and provided further that outside copy services may retain documents for purposes of making copies thereof. Any Qualified Person who receives Confidential Material shall maintain such Confidential Material in a manner that limits access to Qualified Persons.

B. It is contemplated that a party might make available certain of its files for inspection by the other party, which files may contain Confidential Material, and that following such inspection, the inspecting party will identify documents to be copied and produced to it. All documents and their contents made available for such inspection shall be assumed to be Confidential-Attorneys Eyes Only and shall be treated as such until the producing party has had a reasonable opportunity, not to exceed 14 days, to designate and mark those documents that were copied. All documents not copied shall retain the Confidential-Attorneys Eyes Only designation unless otherwise requested by the inspecting party. In such event, the inspecting party shall identify which documents it desires released from this confidential category and the

producing party shall within 14 days, if it deems it appropriate, release the confidentiality of such documents.

    C.    At any deposition where counsel for a party deems that a question or answer to a question will result in the disclosure of Confidential Material, counsel may designate as "Confidential" or "Confidential-Attorneys Eyes Only" the portion of the transcript containing such question or answer.

    D.    Counsel of record for the designating party may also request that only those persons qualified to have access to "Confidential" or "Confidential-Attorneys Eyes Only" information be present at the deposition during the portion of the deposition in which Confidential Material is disclosed. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel of record to adjourn the deposition and timely seek relief from the Court

    E.    A party wishing to use any Confidential Material in any affidavits, briefs, memoranda of law, or other papers filed with the Court must file such material in accordance with Local Rule 7.2 of the United States District Court for the District of Massachusetts. A motion filed in accordance with Local Rule 7.2 shall, in addition to the information required by the rule, contain suggested terms concerning attorney access to the Confidential Material. The Clerk of the Court is requested to maintain under seal all Confidential Material filed in this litigation in accordance with Local Rule 7.2.

    8.    <u>General Provisions</u>

    A.    If Confidential Material is requested from a non-party and such non-party claims that certain of the Confidential Material requested is confidential or proprietary to such non-

party, such non-party may adopt the benefits and burdens of this Order as it applies to the parties to this litigation.

  B. Within 60 days after the conclusion of this litigation, all Confidential Material produced to a party or non-party shall be returned to the producing party or destroyed, and all counsel of record shall certify in writing to the producing party or non-party that all such Confidential Material has been returned or destroyed.

  C. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, the party responsible for this disclosure shall immediately inform the party who designated the material as Confidential Material of all pertinent facts relating to the disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

  D. This Order does not prevent or otherwise restrict any counsel of record from rendering advice to his or her client concerning this litigation and, in the course thereof, referring to or relying upon his or her examination of Confidential Material; provided, however, that in rendering such advice, the attorney shall not disclose the content of any Confidential Material to anyone who is not a Qualified Person.

  E. This Order does not prejudice the right of any party to oppose the production of any information for lack of relevance or any other ground other than confidentiality.

  F. This Order does not prejudice the right of any party or non-party to request additional protection under Fed.R.Civ.P. 26(c) for discovery requests made hereafter by any party.

  G. This Order does not limit or otherwise restrict the manner in which the parties use (1) their own Confidential Material, (2) Confidential Material appearing in any printed

publication or other published material available to the general public, (3) Confidential Material obtained from a source not under an obligation of confidentiality to the other parties, and (4) Confidential Material exempted from this Order by written consent of the party producing such material.

      H.    For purposes of this Order, time shall be computed in accordance with Fed.R.Civ.P. 6.

      SO ORDERED this ___ day of July, 2006.

_____

Honorable Reginald C. Lindsay
United States District Court

Stipulated and Approved By:

**TECOGEN, INC.**
By its attorney,

/s/ Julie Frohlich
_____
Julie Frohlich, Esq.
GOULSTON & STORRS, PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 574-6402

**AEGIS ENERGY SERVICES, INC., AND AGENCO, INC.**,
By their attorneys,


/s/ Robert Curcio
_____
Anthony P. DeLio
Peter W. Peterson
Robert Curcio
DELIO & PETERSON
121 Whitney Avenue
New Haven, Connecticut 06510
(203) 787-0595
*Pro hac vice*

Of Counsel:
William A. Zucker
GADSBY HANNAH LLP
225 Franklin Street
Boston, Massachusetts 02110
(617)345-7016

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____<br>TECOGEN, INC.,<br>       Plaintiff,<br><br>v.<br><br>AEGIS ENERGY SERVICES, INC.,<br>AEGENCO, INC. and<br>AEGIS GENERATION COMPANY,<br>       Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-11823 RCL |

## **UNDERTAKING PURSUANT TO PROTECTIVE ORDER**

I, the person named below, declare that the following information is true:

A.    Name: _____

B.    Address: _____

C.    Employer name and address: _____

           _____

           _____

D.    I have carefully read and understand the provisions of the Protective Order.

E.    I agree to be bound by the provisions of the Protective Order. Specifically, I agree that I will neither use nor disclose to anyone any of the contents of any document or thing marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY," except as permitted under the Protective Order.

F.    I understand that I am to retain all copies of the materials that I receive that have been marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective

Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.

G. At the termination of this action or at any time requested by counsel, I will destroy or return to counsel for the party from whom I received the Confidential Material all documents and all materials, including notes, computer data, summaries, abstracts, or any other materials reflecting or containing Confidential Material that have come into my possession, and will destroy or return all documents or things that I have prepared relating to or reflecting such information. I further agree to certify in writing to counsel that I have destroyed or returned as requested all such Confidential Material.

H. I understand that if I violate the provisions of the Protective Order, I will be in violation of an order of this Court and subject to sanctions or other remedies that may be imposed by the Court or that the parties may seek against me.

I. I hereby submit to the jurisdiction of this Court for the sole purpose of enforcement of the Protective Order against me.

J. If I am executing this Undertaking on behalf of my employer, I agree on my employer's behalf that it too will be bound by the provisions of the Protective Order and that it too will abide by the requirements set in paragraphs D through I of this Undertaking.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Undertaking was executed on this ___ day of _____, 2006.

By: _____