UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TECOGEN, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>AEGIS ENERGY SERVICES, INC., )<br>AEGENCO, INC. and )<br>AEGIS GENERATION COMPANY, )<br>Defendants. )<br>) | | C.A. No. 05-11823 RCL |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules, plaintiff Tecogen, Inc. ("Tecogen") hereby moves for an order compelling defendants (collectively, "Aegis") to (1) produce all documents responsive to Document Request Nos. 6, 8, 10, and 14 and all information responsive to Interrogatory Nos. 2 and 3; and (2) remove the "Attorneys Only" confidentiality designation from documents identified by bates labels 001357, 001358, 001359, and 001364. The Document Requests and Interrogatories seek the disclosure of customers and potential customers solicited by Aegis for the sale of Aegis rather than Tecogen cogeneration products; in response, Aegis has only agreed to produce a geographic and temporal subset of those customers (namely, those customers and prospects Aegis deems to have been covered by the parties' dealership agreement). Documents 001357, 001358, 001359, and 001364 are customer site lists; Aegis has produced approximately eleven substantially identical customer site lists, but has selectively designated four of them "Attorneys Only" under the parties stipulated protective order (again, apparently on grounds that the four lists identify customers not covered by the parties' dealership agreement).

As is shown more fully in the supporting memorandum attached hereto, the Court should grant Tecogen's motion because it seeks information that is materially relevant to establishing both the conduct that supports Tecogen's unfair competition claim in Count V of the Complaint and the appropriate measure of damages. Tecogen requests that Aegis make a complete disclosure of this information, and not the selective disclosure it has thus far made. The apparent basis of Aegis's selective disclosure -- that only conduct that violated the parties' dealership agreement can constitute unfair competition -- is an erroneous statement of the law and an unduly narrow view of Tecogen's unfair competition claim.

WHEREFORE, Tecogen respectfully requests that the Court issue an Order, in the form attached hereto:

1. Compelling Aegis to make a full rather than selective disclosure of documents and information responsive to Document Request Nos. 6, 8, 10 and 14 and Interrogatory Nos. 2 and 3;

2. Compelling Aegis to remove the "Attorneys Only" designation from documents 001357, 001358, 001359, and 001364;

3. Any such further relief as the Court deems just and appropriate.

TECOGEN, INC
By its attorneys,

/s/ Derek B. Domian

_____
Julie A. Frohlich (BBO #554707)
Derek B. Domian (BBO #660568)
GOULSTON & STORRS, PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Date: March 6, 2007

## RULE 37.1 CERTIFICATION

I, Derek B. Domian, certify that on March 5, 2007 at 3:30, I spoke with Robert Curcio, counsel for Aegis, by telephone in a good faith effort to narrow or resolve the areas of disagreement to the greatest possible extent. The phone conversation lasted for approximately thirty minutes. We have been unable to reach agreement with respect to the two discovery matters discussed herein.

/s/ Derek B. Domian
_____
Derek B. Domian

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOGEN, INC., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>AEGIS ENERGY SERVICES, INC., )<br>AEGENCO, INC. and )<br>AEGIS GENERATION COMPANY, )<br>      Defendants. )<br>) | C.A. No. 05-11823 RCL |

## **ORDER**

Plaintiff Tecogen, Inc., having moved pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules for an Order compelling further discovery,

IT IS HEREBY ORDERED:

1. That Document Requests Nos. 6, 8, 10, and 14 and Interrogatory Requests Nos. 2 and 3 seek information relevant to Tecogen's unfair competition claim. Accordingly, defendants shall produce all documents and information responsive to these requests within ___ days of this Order;

2. That defendants have failed to establish that disclosing Documents 001357, 001358, 001359, and 001364 will cause them "irreparable harm." Accordingly, defendants shall produce these documents subject to a "Confidential" designation, but not subject to a "Confidential - Attorneys Only" designation, within ___ days of this Order.

 

_____
Honorable Reginald J. Lindsay
United States District Court

Dated: