# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOGEN, INC., | ) |
| Plaintiff, | ) Civil Action No. 05-11823 RCL |
| v. | ) |
| AEGIS ENERGY SERVICES, INC., AEGENCO, INC., and AEGIS GENERATION COMPANY | ) March 13, 2007 |
| Defendants | ) |

## DEFENDANT AEGIS ENERGY SERVICES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY

Defendant/Plaintiff-in-Counterclaim Aegis Energy Services, Inc. ("Aegis") moves for an order to compel plaintiff Tecogen, Inc. ("Tecogen"), to produce the following responses:

a) identification of the constituent elements of each of the copyrighted materials that Tecogen alleges constitutes original work, specifically, Tecogen's computer software code;

b) identification with specificity of any similarities between Tecogen's copyrighted material and any allegedly infringing works by Aegis, delineating each and every occurrence of alleged copying;

c) verification of the materials allegedly registered with the Copyright Office, specifically the identification of entire computer software code as it existed at the time of deposit;

d) documents referenced or relied upon by the authors of Tecogen's Installation Manual and Tecogen's Computer Program during the creation and any subsequent updating thereof; and

e) documents supporting the factual basis for each allegation made in Tecogen's complaint, specifically its claim for copyright infringement of its computer software, and its claim for unfair competition.

## BACKGROUND

Aegis has struggled for over one year to ascertain the basis for Tecogen's allegations, and acquire related documentation to the same, in order for Aegis to prepare adequately its defense. Much of the information that Aegis seeks is fundamental to Tecogen's claims for copyright infringement and unfair competition, and should have been provided in the complaint, or immediately upon receipt of Aegis' first requests for production of documents and interrogatories. As discussed in further detail below, it is clear that Tecogen has successfully delayed and frustrated this discovery process. For example, Tecogen refused to identify any constituent elements of its copyrighted works, and then only provided the information for a portion of its copyrighted works *one year after* Aegis first made the request.

This case was originally an action for Copyright Infringement of Tecogen's Installation Manual, Copyright Infringement of Tecogen's Computer Program, Patent Infringement of Tecogen's Cogeneration Module, and Unfair Competition and Deceptive Acts or Practices in violation of state law. Aegis counterclaimed for Intentional Interference with Contractual Relations.

Aegis steadfastly maintained that there was no basis in fact for the patent infringement allegation, and provided conclusive documentation on this matter to Tecogen that ultimately removed the patent infringement allegation from consideration. The Court approved the Joint Motion To Dismiss Patent Infringement Claim on October 17, 2006.

On February 28, 2006, Aegis served its first set of discovery requests on Tecogen, including interrogatories and requests for production. Importantly, Aegis requested, *inter alia*, documents that should have rightfully been included in the complaint, e.g., copies of the works for which Tecogen has alleged copyright infringement, and a complete copy of the copyright registration certificates establishing jurisdiction, as well as factual allegations sufficient to understand the claim of unfair competition. In its response, Tecogen produced no documents whatsoever to any of the requests for production. Counsel for both parties attempted telephonic discussions to narrow the differences and better understand the objections. Without having had a single document delivered, Aegis sent a September 28, 2006 letter clarifying any further discrepancies and demanding production. Exhibit A. Tecogen's first submittal of documents in response to Aegis' First Set of Requests for Production of Documents was received on October 26, 2006, eight months after Aegis' initial request. This submittal was insufficient and incomplete. After further telephonic discussions, Aegis sent a December 28, 2006 letter to delineate further the outstanding issues. Exhibit B. Tecogen did not produce documents to "complete" its response until February 26, 2007, one year after Aegis first served its requests. On March 5, 2007, counsel for both parties held a Local Rule 37.1 telephonic conference for

3

approximately 30 minutes. Tecogen has refused to provide responses to the outstanding interrogatories and requests for production identified below.

Aegis respectfully moves the Court for an order to compel full and proper responses to Aegis' interrogatories and requests for production pursuant to Fed. R. Civ. R. 37 (a).

**INFORMATION REQUESTED**

The pertinent requests by Aegis and the responses made by Tecogen are set forth below.

Interrogatory No. 7:

Interrogatory No. 7 states, "Identify the author(s) and owner(s) of Tecogen's copyrighted material deposited with the United States Copyright Office on August 31, 2005, which is being asserted against Aegis, and identify the constituent elements of each of said copyrighted material that said authors and/or owners allege constitutes original work." Defendant, Aegis Energy Services, Inc.'s, First Set Of Requests For Interrogatories To Plaintiff, February 28, 2006, p.6; Exhibit C.

Tecogen objected to this interrogatory on the ground that it "calls for information protected by the work product doctrine." Tecogen's Response to Defendant Aegis Energy Services First Set of Requests for Interrogatories, dated April 7, 2006, p.6; Exhibit D.

Interrogatory No. 8:

Interrogatory No. 8 states, "Identify with specificity any similarities between Tecogen's copyrighted material deposited with the United States Copyright Office on August 31, 2005 and any allegedly infringing Aegis' works, delineating each and every occurrence of alleged copying by Aegis including, but not limited to, identifying those

4

areas having substantial similarity in both ideas and expressions of those ideas." Exhibit C, p.6.

Tecogen objected to this interrogatory on the grounds that it calls for information protected by the work product doctrine. Exhibit D, p.7.

Request For Production No. 38:

RFP No. 38 states, "All documents and things representing correspondence to and from the United States Copyright Office relating to, referring to, or pertaining to, any document which Tecogen has alleged copyright infringement by Aegis, including but not limited to, application(s) for copyright and copies of the deposited material representing Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s)." Defendant, Aegis Energy Services, Inc.'s, First Set Of Requests For Production Of Documents And Things To Plaintiff, February 28, 2006, p.13; Exhibit E.

Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control that are responsive to this request. Tecogen's Response to Defendant Aegis Energy Services First Set of Requests for Production Of Documents And Things, April 7, 2006, p.16; Exhibit F.

Request For Production No. 40:

RFP No. 40 states, "All documents and things used, considered, referenced, and/or in any way relied upon, by Tecogen and/or authors of Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s) being asserted against Aegis under a claim of copyright infringement, during the creation and any subsequent updating of Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s), including but

5

not limited to reference materials, specification sheets, drawings, photographs, and/or any third party installation manuals and/or third party computer programs." Exhibit E, p.14.

Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control that are responsive to this request. Exhibit F, p.17.

Request For Production No. 51:

RFP No. 51 states, "All documents and things relating to, referring to, or pertaining to, the factual basis for each allegation made in Tecogen's complaint." Exhibit E, p.17.

Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control that are responsive to this request. Exhibit F, p.21.

**ARGUMENT**

Tecogen originally objected to Interrogatory No. 7 under a claim of attorney work product with regard to revealing any "constituent elements." No further response was given for this request until February 26, 2007, when Tecogen reversed itself in part by submitting a highlighted copy of a Tecogen Installation Manual identifying certain portions of the work that were not original to Tecogen's authors. Tecogen did not explain its reversal, and has refused to provide the same for its computer program.

Fundamental to a claim of copyright infringement is the basis for the alleged copying. A plaintiff bringing a claim for copyright infringement must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Pubs., Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 18 USPQ2d 1275 (1991). Tecogen should be compelled to identify its original work in its software code.

Tecogen objected in a similar fashion to Interrogatory No. 8, which called for the identification of each and every occurrence of alleged copying by Aegis. Tecogen maintained this objection for one year, until it reversed itself in part when it provided a highlighted copy of Tecogen's Installation Manual along with a highlighted copy of an Aegis Installation Manual, on February 28, 2007. Tecogen gave no statement as to why it reversed itself. However, Tecogen continues to refuse a similar request with regard to its computer program. Tecogen has stated that it will not identify any occurrence of copying because it does not have access to the Aegis software code. This is not surprising since Aegis informed Tecogen as early as March 24, 2006, that Aegis purchased a controller having the allegedly infringing software from ComAp s.r.o., of the Czech Republic. To the extent that there is any software in the controller, it is believed to be the confidential and proprietary property of ComAp, which is not accessible to a purchaser of the controller. Accordingly, Aegis does not have access to the accused software either.

Still, Tecogen must have had *some* basis for filing its copyright infringement claim against Aegis. Tecogen stated in its complaint, "As frequently happens in software development, there are aspects of the software's performance and resulting functionality in the cogeneration module that reflect arbitrary decisions made by the programmers who designed the software and who wrote the code to implement the program. As such, those arbitrary elements and decision points can act like "signatures" in terms of identifying proprietary computer programs." Complaint, ¶ 20. Tecogen refuses to provide any information whatsoever identifying these so called "signatures," and therefore refuses to give any basis for its allegation of copyright infringement. Interrogatory No. 8 and RFP No. 51 specifically requested this information.

In order to properly defend itself of alleged copyright infringement of Tecogen's computer program, Aegis must be shown the "constituent elements of the work that are original" that Tecogen alleges have been copied, and the salient components of the software code that allegedly have been copied. Aegis respectfully requests that this Court compel Tecogen to provide documentation and interrogatory response supporting the basis for its allegation of copyright infringement of its computer software code.

Request For Production No. 38 requires copies of the deposited material. Tecogen has provided a copy of the Installation Manual, but refuses to identify which portions of the voluminous software code provided represent the material that it considers to be covered by its copyright registration. Tecogen should be compelled to identify the software code as it existed at the time of registration. In the case of computer software code, this is especially necessary since the deposit requirements set forth by the U.S. Copyright Office do not require the deposit of the complete source code. Circular 61, "Copyright Registration for Computer Programs", U.S. Copyright Office, rev. 07/2006; Exhibit G.[1] Aegis respectfully requests that Tecogen be compelled to identify the software code that it considers to be covered by the August 31, 2005 registration.

Request For Production No. 40 requires referenced documents relied upon by Tecogen and/or authors of Tecogen's Installation Manual and/or Tecogen's Computer Program. Tecogen has identified portions of its Installation Manual that are not original with its authors; however, Tecogen has not identified complete reference material for all

---

[1] The U.S. Copyright Office only requires the first and last 10 pages of source code if there are no blocked out portions in a new computer program, or for revised code where the revisions are present in the first 25 and last 25 pages, only 20 pages of source code containing the revisions with no blocked out portions, or any 50 pages of source code with some blocked out portions. Exhibit G, p.2.

the non-original portions. Neither has Tecogen identified any reference material for its computer program software code. Tecogen should be compelled to do so at this time.

Request For Production No. 51 seeks documents supporting the factual basis for each allegation made in Tecogen's complaint. As discussed above, Tecogen has not provided any such documentation whatsoever for its copyright infringement allegation for its computer software code. Nor has Tecogen provided a supporting basis for its unfair competition claim. In its complaint, Tecogen states that the defendants took "advantage of their position as a Tecogen distributor to copy Tecogen's intellectual property, using the same to make "knock-off" modules, and then selling their own knock-off modules in place of Tecogen's modules ... ." Complaint, ¶ 52. Tecogen did not provided any examples or supporting documentation in its complaint. For over one year Aegis has been trying to ascertain the basis for Tecogen's claim for unfair competition. Tecogen has not provided any documentation whatsoever to show that certain information given to Aegis was trade secret information that Aegis was obliged to keep confidential through its distributor relationship with Tecogen. Nor did Tecogen provide any supporting contract between the parties that would otherwise indicate that certain trade secrets (if any) were given in a confidential manner and should have been held in confidence. Tecogen should be compelled to provide the factual basis for its claim of unfair competition so that a proper defense can be prepared, and not be allowed to rely on mere attorney argument.

## CONCLUSION

Defendant, Aegis, respectfully requests that this Court order the production of documents and interrogatory answers by plaintiff, Tecogen, with respect to the above-identified matters.

Respectfully submitted,

**AEGIS ENERGY SERVICES, INC.,**
**and AEGENCO, INC.**

By their attorneys,

Anthony P. DeLio
Peter W. Peterson
Robert Curcio
DELIO & PETERSON, LLC
121 Whitney Avenue
New Haven, CT 06510
(203) 787-0595
Admitted *Pro Hac Vice*


William A. Zucker, BBO # 541240
David Himelfarb, BBO# 649596
McCARTER ENGLISH
265 Franklin Street
Boston, MA 02110
(617) 449-6500

Dated: March 13, 2007

## CERTIFICATE OF SERVICE

This hereby certifies that the foregoing DEFENDANT AEGIS ENERGY SERVICES' MOTION TO COMPEL DISCOVERY and MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY, were filed electronically. Notice of the filing will be sent to those who are currently on the list to receive email notices by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

In addition, a copy of each of the foregoing DEFENDANT AEGIS ENERGY SERVICES' MOTION TO COMPEL DISCOVERY and MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY, were also mailed by first class mail, postage prepaid, to counsel of record for the plaintiff, as follows:

> Julie A. Frohlich, Esq.
> Derek B. Domian, Esq.
> Goulston & Storrs, PC
> 400 Atlantic Avenue
> Boston, MA 02110

By: _____

> Anthony P. DeLio
> Peter W. Peterson
> Robert Curcio
> DELIO & PETERSON, LLC
> 121 Whitney Avenue
> New Haven, CT 06510
> (203) 787-0595
> Admitted *Pro Hac Vice*

> William A. Zucker, BBO # 541240
> David Himelfarb, BBO# 649596
> McCARTER ENGLISH
> 265 Franklin Street
> Boston, MA 02110
> (617) 449-6500

> Attorneys for Defendants

11

E
X
H
I
B
I
T

A

# DELIO & PETERSON, LLC

### INTELLECTUAL PROPERTY

### PATENTS, TRADEMARKS AND COPYRIGHTS

*121 WHITNEY AVENUE*
*NEW HAVEN, CONNECTICUT 06510-1241*

*ANTHONY P. DELIO*
*PETER W. PETERSON*

*ROBERT CURCIO*
*JOHN J. TOMASZEWSKI\**
*KELLY M. NOWAK*
*\*NY BAR*

*TELEPHONE (203) 787-0595         FACSIMILE (203) 787-5818*
*E-MAIL delpet@delpet.com*

*PARAPROFESSIONALS*

*TODD W. PATTIST*
*BRENDA A. SULLIVAN*

September 28, 2006

### VIA FACSIMILE, CONFIRMING COPY VIA U.S. MAIL

Julie A. Frohlich, Esq.
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110-3333

Re:    *Tecogen, Inc. v. Aegis Energy Services, Inc. et al.*
Our File: AEGI 901

Dear Julie:

We have reviewed Tecogen's responses to Aegis Energy Service's First Set of Interrogatories, and First Set of Requests For Production Of Documents. We find many responses to be incomplete, and in certain instances, the corresponding objections to be unwarranted. We seek quickly to resolve these matters.

We are providing comment below regarding individual requests. Please note that we have purposely omitted comment regarding those interrogatories and requests for production that pertain solely to Tecogen's patent infringement claim, which the parties have jointly agreed to dismiss from the action. We reserve the opportunity to revisit all patent infringement related discovery requests and interrogatories if Tecogen does not dismiss this allegation. As of this writing, the joint motion for dismissal has not been filed. Your prompt attention to this matter is appreciated.

Many responses to the defendants' Interrogatories (Rog) and Requests for Production (RFP) state "Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request." Neither we, nor our local counsel, have received any responsive documents to date.

### Requests For Production

RFP No. 13:
Tecogen states that documents that relate to, refer to, or pertain to, any insurance agreement acquired by, or inuring to the benefit of, Tecogen regarding intellectual property matters, including patent infringement, copyright infringement, patent defense, and copyright defense, are irrelevant and not reasonably calculated to lead to the

-2-

discovery of admissible evidence. We disagree. Pursuant to Fed. R. Civ. P. 26(a)(1)(D), a party must provide for inspection and copying of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Please provide any responsive documents.

RFP No. 18:
    Tecogen states that documents sufficient to identify each current director and corporate officer of Tecogen, and their individual job description, duties, or responsibilities, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tecogen's directors and officers may have relevant information regarding defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Decisions made, and actions taken, by Tecogen's directors and officers may be extremely relevant to these issues. Identification of each director and officer, including individual job descriptions, duties, or responsibilities, is certainly reasonably calculated to lead to the discovery of admissible evidence.

RFP No. 19:
    Tecogen objects to providing documents sufficient to identify all corporations, partnerships, sole proprietorships, and other business entities that control, are controlled by, or are affiliated with Tecogen, including AmericanDG, on the basis that this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As delineated in defendants' counterclaims, at least one of Tecogen's affiliates, AmericanDG, may have participated with Tecogen in actions that relate to defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Other related business entities may be involved as well. Defendants are entitled to investigate these entities. Identification of these related business affiliates is reasonably calculated to lead to the discovery of admissible evidence.

RFP No. 20:
    Tecogen states that documents sufficient to identify each current director and corporate officer of Tecogen's affiliate, AmericanDG, and their individual job description, duties, or responsibilities, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. AmericanDG's directors and officers may have relevant information regarding defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Decisions made, and actions taken, by AmericanDG's directors and officers may be relevant to these issues, as well as communication between AmericanDG and Tecogen regarding these matters. Identification of each director and officer, including individual job descriptions, duties, or responsibilities, is reasonably calculated to lead to the discovery of admissible evidence.

-3-

RFP No. 21:

This request is for documents sufficient to identify any third party responsible, wholly or in part, for the manufacture, advertising, sale, quality assurance, and/or testing of any Tecogen cogeneration module device. Tecogen has stated that it will produce any non-privileged document in its possession, custody, or control that are responsive to this request. Please submit these documents. For documents protected under privilege, please provide a privilege log that describes the nature of each document, communication, or things not produced, the identity of the person making the communication of the privileged information, the identity of each person who received the communication, the date, place and manner of the communication, and the subject of the communication.

RFP No. 24:

This request is for documents that relate to, refer to, or pertain to, marketing, selling, and advertising of Tecogen's cogeneration module (the subject matter of the patent-in-suit), including market analysis, forecasts, business plans, projections, reports, or presentations, relating to past, present, or future sales. This request relates to defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Tecogen objected to this request on the grounds that it was overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. However, Tecogen further stated that it would produce any non-privileged documents in its possession, custody, or control. (Tecogen's objection to confidentiality is moot given the Court's entry of a protective order.) Please submit these documents.

RFP No. 27:

This request regards documents relating to, referring to, or pertaining to, any agreement between Tecogen and manufacturers, distributors, sellers, and/or licensees of cogeneration module devices. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. (Tecogen's objection to confidentiality is moot given the Court's entry of a protective order.) Please submit these documents.

RFP No. 30:

This request regards documents that describe or relate to any change to the design and operation of Tecogen's cogeneration modules. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. (Tecogen's objection to confidentiality is moot given the Court's entry of a protective order.) Please submit these documents.

RFP No. 37:

This request is for documents comparing or contrasting any of Tecogen's cogeneration module product(s) covered by the '264 patent with any product made, sold, offered for sale, advertised, marketed, or otherwise distributed by or for Aegis. Tecogen objected to this request to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine. To the extent such documents are not covered

-4-

by the attorney-client privilege and/or the work product doctrine, these documents should be made available to defendant. Any document withheld under privilege should be identified in a privilege log.

RFP No. 38:

This request seeks documents representing correspondence to and from the United States Copyright Office relating to, referring to, or pertaining to, any document which Tecogen has alleged copyright infringement by Aegis, including applications for copyright, and copies of the deposited material. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 39:

This request regards all documents that establish authorship and/or ownership of each of Tecogen's installation manuals and/or Tecogen's computer program(s) which Tecogen has alleged copyright infringement by Aegis. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 40:

This request seeks documents used, considered, referenced and/or in any way relied upon by Tecogen and/or authors of Tecogen's installation manuals and/or Tecogen's computer program(s) which Tecogen has alleged copyright infringement by Aegis. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 41:

This request seeks all documents containing, referring to, pertaining to, or relating to, correspondence between Tecogen and any of the defendants in the case-in-suit regarding the drafting of the Tecogen installation manuals and/or Tecogen's computer programs. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 42:

This request regards documents that establish a first date of publication for each of Tecogen's installation manuals and/or Tecogen's computer programs begin asserted against Aegis under a claim of copyright infringement. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

-5-

RFP No. 43:

This request seeks documents that refer to, reflect, or evidence any communication concerning Tecogen's cogeneration products, equipment, and/or services, between and/or among Tecogen and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, Chemung County Health Center – Nursing Facility, and/or AmericanDG. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control for the time period from 2004 to the present. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 44:

This request seeks documents that refer to, reflect, or evidence any communication concerning Aegis' cogeneration products, equipment, and/or services, between and/or among Tecogen and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, Chemung County Health Center – Nursing Facility, and/or AmericanDG. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control for the time period from 2004 to the present. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 49:

This request regards documents that refer to, reflect, and/or evidence the necessary and or proper certifications required for the sale, distribution, and/or installation of cogeneration modules, including the identification of the certifications necessary for the sale of cogeneration modules in the State of New York. Tecogen objects to this request on the grounds that it calls for documents concerning certifications that are not limited to the claims, defenses, or counterclaims in, or subject matter of, this action. We disagree. This request is directly related to defendants' counterclaims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

RFP No. 50:

This request seeks all documentation that relates to, refer to, or pertain to, the factual basis for each allegation made in Tecogen's complaint. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents. Privileged documents should be identified in a privilege log.

**Interrogatories**

Rog. No. 5:

This interrogatory requests the identification of all purchasers, brokers, distributors, and licensees of Tecogen's cogeneration module devices, including identifying any

-6-

correspondence, communications, contacts, agreements, course of dealings, relating thereto, and any indemnification agreements relating thereto. Tecogen identified six entities; however, Tecogen failed to identify the principal place of business of each entity, and the identity of the person or persons having knowledge of the matter with respect to which the company is named, and in the case of a document, the type of document, the general subject matter, the date of the document, the authors, addressees, and recipients. Tecogen further limited its response to "non-confidential entities." To the extent additional entities may be identified pursuant to the filed protective order, we ask that Tecogen do so, and also identify any related documents at this time.

Rog. No. 6:
     This interrogatory requests the identification of all persons or entities with whom Tecogen discussed the infringement of or validity of the '264 patent, and the time and place of such discussions. Tecogen stated that it has sent infringement notice letters to several entities and will produce such letters. Please do so at this time.

Rog. No. 7:
     This interrogatory asks for the identification of the author(s) and owner(s) of Tecogen's copyrighted material deposited with the U.S. Copyright Office, which is being asserted against Aegis, and for the identification of the constituent elements of each of said copyrighted material that said authors and/or owners allege constitutes original work. Tecogen has identified the authors, but did not give contact information. Please do so. Tecogen objected to information concerning the constituent elements of the copyrighted material on the grounds that it calls for information protected by the work product doctrine. We disagree. Tecogen is alleging copyright infringement. The defendants are entitled to know the basis for this infringement, which elements of each work that the authors consider to be original work that are alleged to be copied by the defendants, and where the alleged copying is evidenced in the defendants' material. Tecogen must have made a comparison of the works to establish a claim for copyright infringement as a basis for filing suit. Defendants are entitled to know which sections of each copyrighted document Tecogen is alleging infringement. Moreover, Tecogen is not required to file an entire document with the U.S. Copyright Office as a specimen. For example, only the first few pages of the computer program are required as a specimen. Consequently, it is not possible for defendants to know which sections of each document are at issue. Defendants should not have to guess that which is fundamental to Tecogen's claim. Please provide the requested information.

Rog. No. 8:
     This interrogatory asks for the identification of similarities between Tecogen's copyrighted material deposited with the U.S. Copyright Office and any allegedly infringing Aegis work, delineating each and every occurrence of alleged copying by Aegis. Tecogen objected to providing this information on the grounds that it calls for information protected by the work product doctrine. We disagree for the same reasons stated above regarding

-7-

Rog. No. 7. Tecogen is alleging copyright infringement. The defendants are entitled to know the basis for this infringement, which elements of each work that the authors consider to be original work that are alleged to be copied by the defendants, and where the alleged copying is evidenced in the defendants' material. Tecogen must have made a comparison of the works to establish a claim for copyright infringement as a basis for filing suit. Defendants are entitled to know which sections of each copyrighted document Tecogen is alleging infringement. Please provide the requested information.

Given the shortened period we have remaining for fact discovery, it is imperative that we have Tecogen's responses by October 6, 2006. If we do not reach resolution by that time on those matters which Tecogen refuses to provide the requested information, we will move to compel production.

Your prompt reply is appreciated.

Sincerely yours,

**DeLIO & PETERSON, LLC**

Robert Curcio

cc:    Spiro Vardakas

RC:beb
aegi901_9-28-06 ltr.doc

EXHIBIT B

## DELIO & PETERSON, LLC

### INTELLECTUAL PROPERTY

#### PATENTS, TRADEMARKS AND COPYRIGHTS

ANTHONY P. DELIO
PETER W. PETERSON

ROBERT CURCIO
JOHN J. TOMASZEWSKI*
KELLY M. NOWAK
*NY BAR

*121 WHITNEY AVENUE*
*NEW HAVEN, CONNECTICUT 06510-1241*

*TELEPHONE (203) 787-0595       FACSIMILE (203) 787-5818*
*E-MAIL delpet@delpet.com*

PARAPROFESSIONALS

TODD W. PATTIST
BRENDA A. SULLIVAN

December 28, 2006

### VIA FACSIMILE, CONFIRMING COPY VIA U.S. MAIL

Julie A. Frohlich, Esq.
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110-3333

> Re:   *Tecogen, Inc. v. Aegis Energy Services, Inc. et al.*
>        Our File: AEGI 901

Dear Julie:

Pursuant to our most recent discussion regarding Tecogen's discovery submittal, as agreed, we are providing more detail herein for selected requests for production and interrogatories. We would expect that these responses would be available in two weeks time by January 11, 2007, along with complete responses of all other outstanding items discussed in our telecon.

We are still awaiting your proposed schedule options for selecting dates for depositions.

### Requests For Production

RFP No. 13:
In our telephone conversation, it was offered that Tecogen does not have any insurance agreements regarding its intellectual property matters. Please confirm this statement in a written response.

RFP No. 21:
This request is for documents sufficient to identify any third party responsible, wholly or in part, for the manufacture, advertising, sale, quality assurance, and/or testing of any Tecogen cogeneration module device. Tecogen has stated that it will produce any non-privileged document in its possession, custody, or control that are responsive to this request. It is our understanding that this documentation is forthcoming.

-2-

RFP No. 24:

Important to defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices is information regarding precisely how Tecogen marketed and advertised its past, present, and future sales of its cogeneration module to prospective buyers. Documents containing information that delineates Tecogen's representations concerning its cogeneration module or defendants' cogeneration module, or any stated comparisons thereto are relevant to defendants' tort claims.

RFP No. 27:

As stated in our telecon, you represented that Tecogen does not have any documents relating to, referring to, or pertaining to, any agreement(s) between Tecogen and manufacturers, distributors, sellers, and/or licensees of cogeneration module devices. Please state so in a written response.

RFP No. 30:

This request regards documents that describe or relate to any change to the design and operation of Tecogen's cogeneration modules. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. In further clarification, we note that the design changes to the cogeneration module software preceding the copyright registration date, as well as design changes subsequent thereto, are relevant to ascertaining the evolution of the copyright subject matter including the identification of derivative works. Please provide all design change information of the relevant software. Similarly, with respect to the installation manual of the cogeneration module, which is also asserted against defendants for copyright infringement, please provide all documents referring to any changes to this manual as well, since changes to the design of the cogeneration module may correspond to changes to the installation manual.

RFP No. 37:

This request is for documents comparing or contrasting any of Tecogen's cogeneration module product(s) covered by the '264 patent with any product made, sold, offered for sale, advertised, marketed, or otherwise distributed by or for Aegis. Tecogen objected to this request to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine. To the extent such documents are not covered by the attorney-client privilege and/or the work product doctrine, these documents should be made available to defendant. In further clarification, these documents relate directly to issues involving how Tecogen represented itself to potential buyers, which is relevant to defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. This would include correspondence with prospective buyers and other entities responsible for soliciting bids from Tecogen and its competitors. This correspondence should include, but not limited to, emails, letters, notes on telephone conversations, and the like. Please provide the requested information.

-3-

RFP No. 38:

This request seeks documents representing correspondence to and from the United States Copyright Office relating to, referring to, or pertaining to, any document which Tecogen has alleged copyright infringement by Aegis, including applications for copyright, and copies of the deposited material. As of this writing, defendants still do not have complete copyright registration forms, as submitted to the Copyright Office, exact specimens, as submitted, or a complete, verifiable copy of each copyrighted material. This material is long overdue. We will compel production if we do not receive verifiable copies of the complete copyrighted works and their corresponding registrations.

RFP No. 39:

This request regards all documents that establish authorship and/or ownership of each of Tecogen's installation manuals and/or Tecogen's computer program(s) which Tecogen has alleged copyright infringement by Aegis. This would include documents to establish that the named authors are/were Tecogen employees, and satisfy the "work for hire" requirements for copyright ownership.

RFP No. 40:

This request seeks documents used, considered, referenced and/or in any way relied upon by Tecogen and/or authors of Tecogen's installation manuals and/or Tecogen's computer program(s) which Tecogen has alleged copyright infringement by Aegis. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. As discussed, some of the material in the installation manual is not copyrightable, or has been reproduced from other sources. Tecogen is asked to delineate which information represents its authors' actual work, and show evidence for those portions relied upon or copied from works that are not of their original authorship. Please submit all relevant documents.

RFP No. 41:

This request seeks all documents containing, referring to, pertaining to, or relating to, correspondence between Tecogen and any of the defendants in the case-in-suit regarding the drafting of the Tecogen installation manuals and/or Tecogen's computer programs. As discussed, Tecogen agreed to revisit this request and provide any pertinent documents.

RFP No. 42:

This request regards documents that establish a first date of publication for each of Tecogen's installation manuals and/or Tecogen's computer programs being asserted against Aegis under a claim of copyright infringement. Tecogen stated that it would produce any non-privileged documents in its possession, custody, or control. Please submit these documents.

-4-

RFP No. 49:

This request regards documents that refer to, reflect, and/or evidence the necessary and or proper certifications required for the sale, distribution, and/or installation of cogeneration modules, including the identification of the certifications necessary for the sale of cogeneration modules in the State of New York. This request is directly related to defendants' counterclaims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Tecogen agreed to revisit this request. Please provide all relevant documents.

**Interrogatories**

Rog. No. 5:

Tecogen agreed to revisit this request. This interrogatory requests the identification of all purchasers, brokers, distributors, and licensees of Tecogen's cogeneration module devices, including identifying any correspondence, communications, contacts, agreements, course of dealings, relating thereto, and any indemnification agreements relating thereto. Tecogen identified six entities; however, Tecogen failed to identify the principal place of business of each entity, and the identity of the person or persons having knowledge of the matter with respect to which the company is named, and in the case of a document, the type of document, the general subject matter, the date of the document, the authors, addressees, and recipients. Tecogen further limited its response to "non-confidential entities." To the extent additional entities may be identified pursuant to the filed protective order, we ask that Tecogen do so, and also identify any related documents at this time.

Rog. No. 6:

This interrogatory requests the identification of all persons or entities with whom Tecogen discussed the infringement of or validity of the '264 patent, and the time and place of such discussions. Tecogen stated that it has sent infringement notice letters to several entities and will produce such letters. In further clarification, this request relates to defendants' claims of Intentional Interference with Contractual Relations and Violation of Unfair Trade Practices. Tecogen's representations in the marketplace are relevant to defendants' claims.

Rog. No. 7:

This interrogatory asks for the identification of the author(s) and owner(s) of Tecogen's copyrighted material deposited with the U.S. Copyright Office, which is being asserted against Aegis, and for the identification of the constituent elements of each of said copyrighted material that said authors and/or owners allege constitutes original work. Tecogen objected to information concerning the constituent elements of the copyrighted material on the grounds that it calls for information protected by the work product doctrine. We disagree. This request does not ask for a comparison with defendants' works. Rather, it asks for an identification of each author's original work in the Tecogen

-5-

copyrighted material. It is understood that portions of Tecogen's copyrighted works, data sheets, product specifications, and the like, are taken from other sources, and do not constitute the author's original work. This interrogatory asks for an identification of the original works. This request is long overdue. We will move to compel production if the requested information is not provided.

Rog. No. 8:

This interrogatory asks for the identification of similarities between Tecogen's copyrighted material deposited with the U.S. Copyright Office and any allegedly infringing Aegis work, delineating each and every occurrence of alleged copying by Aegis. Defendants are entitled to know which sections of each copyrighted document Tecogen is alleging infringement. After further discussion, defendants have limited this request with regard to the manuals to those specific matters that Tecogen intends to produce at trial. However, with respect to the software, defendants request a complete response. Defendants have made known that the software in their cogeneration modules was not created by them, nor do they have any access to it. It is impossible for defendants to make any comparison of the software codes. Tecogen must provide a basis for its allegation of copyright infringement. Defendants will move to compel if this response is not adequately addressed.

Your prompt reply is appreciated.

Sincerely yours,

DeLIO & PETERSON, LLC

Robert Curcio

RC:beb
aegi901_12-28-06 ltr.doc

E
X
H
I
B
I
T

C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECOGEN, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-11823 RCL |
| ) | |
| v. ) | |
| ) | |
| AEGIS ENERGY SERVICES, INC., ) | 28 February 2006 |
| AEGENCO, INC., and AEGIS ) | |
| GENERATION COMPANY ) | |
| ) | |
| Defendants ) | |

## DEFENDANT, AEGIS ENERGY SERVICES, INC.'S, FIRST SET OF REQUESTS FOR INTERROGATORIES TO PLAINTIFF

Defendant, Aegis Energy Services, Inc., by its attorneys, DeLio & Peterson, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby directs the following interrogatories to the plaintiff Tecogen, Inc. ("Tecogen") to be answered in writing, separately and fully, under oath.

As used herein, the term "identify" means:

a) in the case of the person, state: the name; last known residence; employer or business affiliation; occupation and business position held; and business and residence telephone numbers;

b) in the case of a company, state: the name, if incorporated, place of incorporation, principle place of business, and the identity of the person or persons having knowledge of the matter with respect to which the company is named; and,

c) in the case of a document, state: the type of document; the general subject matter; the date of the document; the authors, addressees, and recipients, or some other means of identifying or locating it; and the location and custodian of the document.

As used herein, the term "document" means all documents or things discoverable under Rule 34 of the Federal Rules of Civil Procedure.

As used herein, the term "communications" includes every manner of disclosure, transfer, transmittal, or exchange of information, including information in the form of facts, ideas, inquiries or otherwise, including all oral conversations, discussions, letters, facsimiles, telegrams, documents, memoranda, electronic mail, and any other transmission of information in any form, both oral and written.

As used herein, the terms "include", "includes", and "including", and words of similar import, shall be construed as if followed by the words "without limitation."

As used herein, the terms "relates to", "refers to", "pertains to", "referring to", "describing", or "reflecting" mean: constitute, is, comprises, composes, contains, comments on, concerns, describes, embodies, evidences, identifies, states, pertains directly to, pertains indirectly to, relates, refers, is in any way relevant to, or reflects.

As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

As used herein, "defendant" or "Aegis" refers to defendant, Aegis Energy Services, Inc.

As used herein, "plaintiff" or "Tecogen" refers to plaintiff, Tecogen, Inc., its past or present officers, directors, employees, representatives, agents and attorneys, as well as any predecessor, successor, parent, subsidiary, affiliate or division thereof, whether domestic or foreign and whether owned in whole or in part, including but not limited to, entities that maintain ownership in Tecogen, and further including Tecogen's affiliate AmericanDG.

As used herein, the " '264 patent" means U.S. Patent Number 5,033,264 and any reissues, reexaminations, or continuations thereof.

As used herein, the term "patent-in-suit" means the '264 patent, including any reissues, reexaminations, or continuations thereof.

As used herein, the term "person(s)" shall mean all individuals and entities (without limiting the generality of the foregoing) all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, or any local, state or federal government body, agency or official.

The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these interrogatories any information that might otherwise be considered to be beyond their scope.

If any information requested by these interrogatories is withheld under a claim of privilege, please furnish the following with respect to such information:

a) the nature of the privileged claims;

b) the identity of the person making the communication of the privileged information;

c) the identity of each person who received the communication;

d) the date, place and manner of the communication; and,

e) the subject of the communication.

In answering each interrogatory:

a) state whether the answer is within the personal knowledge of the person answering the interrogatory and, if not, identify each person known to have personal knowledge of the answer; and,

b) identify each document that was used in any way to formulate the answer.

If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder of the interrogatory and stating whatever information or knowledge is available concerning the unanswered portion.

## INTERROGATORIES

1.  For each claim of the '264 patent Tecogen asserts or intends to assert against defendant, fully explain Tecogen's interpretation of each claim, on a claim element by claim element basis, including any special or uncommon meaning Tecogen attributes to any claim term, identifying the portions of the specification and prosecution history that Tecogen contends supports its interpretation of each claim element or claim term, and identifying all extrinsic evidence that Tecogen contends support its interpretation of the claim element or claim term.

2.     For each product made, used, sold, or offered for sale by defendant that Tecogen contends infringes the '264 patent, literally or under the doctrine of equivalents, identify on a claim-element-by-element basis where each claim element is found in defendant's product(s).

3.     Identify each cogeneration module device made, used, tested, sold, or offered for sale, at any time by or for Tecogen, or any entity licensed at any time under the '264 patent, including but not limited to all cogeneration module devices that embody or practice the invention in the '264 patent; and, with respect to said cogeneration module devices made, used, tested, sold, offered for sale, and/or licensed by or for Tecogen, identify the person(s) most knowledgeable about and/or responsible for: conceiving, designing, developing, testing, manufacturing (including, but not limited to, first prototype construction), marketing, advertising, licensing, and/or selling said cogeneration module device(s), including those cogeneration module devices covered by the '264 patent.

4.     For each claim of the '264 patent, state the earliest date of invention to which Tecogen contends the claim is entitled, and identify all documents that support each earliest date of invention.

5.     Identify all purchasers, brokers, distributors, and licensees of Tecogen's cogeneration module devices, including but not limited to those covered by

the '264 patent, including identifying any correspondence, communications, contacts, agreements, course of dealings, relating thereto, and any indemnification agreements relating thereto.

6.  Identify all persons or entities with whom Tecogen has discussed the infringement of or validity of the '264 patent, and the time and place of such discussions, including but not limited to discussions with third parties whom Tecogen has informed of any alleged infringement of the '264 patent.

7.  Identify the author(s) and owner(s) of Tecogen's copyrighted material deposited with the United States Copyright Office on August 31, 2005, which is being asserted against Aegis, and identify the constituent elements of each of said copyrighted material that said authors and/or owners allege constitutes original work.

8.  Identify with specificity any similarities between Tecogen's copyrighted material deposited with the United States Copyright Office on August 31, 2005 and any allegedly infringing Aegis' works, delineating each and every occurrence of alleged copying by Aegis including, but not limited to, identifying those areas having substantial similarity in both ideas and expressions of those ideas.

Submitted by,
**Aegis Energy Services, Inc.**

Dated: 28 February 2006          By:_____

                                          Anthony P. DeLio
                                          Peter W. Peterson
                                          Robert Curcio
                                          **DELIO & PETERSON, LLC**
                                          121 Whitney Avenue
                                          New Haven, CT  06510
                                          Tel.: (203) 787 – 0595
                                          Fax: (203) 787 – 5818
                                          Attorneys For Defendants
                                          *Pro Hac Vice*

                                          William A. Zucker
                                          David Himelfarb
                                          **GADSBY HANNAH LLP**
                                          225 Franklin Street
                                          Boston, MA 02110
                                          Tel. (617) 345-7016
                                          Fax (617) 204-8016

                                          Attorneys for Defendants

## CERTIFICATE OF SERVICE

This hereby certifies that the foregoing **DEFENDANT, AEGIS ENERGY SERVICES, INC.'S, FIRST SET OF REQUESTS FOR INTERROGATORIES TO PLAINTIFF** was sent by facsimile and mailed this 28th day of February, 2006, by U.S. Postal first class mail, postage pre-paid to:

Julie A. Frohlich, Esq.
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110

By: _____
　　 Anthony P. DeLio
　　 Peter W. Peterson
　　 Robert Curcio
　　 **DELIO & PETERSON, LLC**
　　 121 Whitney Avenue
　　 New Haven, CT 06510
　　 Tel.: (203) 787 – 0595
　　 Fax: (203) 787 – 5818
　　 Attorneys *Pro Hac Vice*

aegi901_rogs Aegis first set

E
X
H
I
B
I
T

D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOGEN, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-11823 RCL |
| | ) |
| | ) **TECOGEN'S RESPONSE TO** |
| v. | ) **DEFENDANT AEGIS ENERGY** |
| | ) **SERVICES, INC's, FIRST SET** |
| | ) **OF REQUESTS FOR** |
| | ) **INTERROGATORIES** |
| AEGIS ENERGY SERVICES, INC., | ) |
| AEGENCO, INC., and AEGIS | ) |
| GENERATION COMPANY | ) |
| | ) |
| Defendants | ) |
| | ) |

Pursuant to Fed.R.Civ.P. 33 and Local Rule 33.1, plaintiff Tecogen, Inc., ("Tecogen") responds to defendant Aegis Energy Services, Inc's, First Set of Requests For Interrogatories as follows:

## GENERAL OBJECTIONS

1.    Tecogen objects to the First Request to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege.

2.    Tecogen objects to the First Request to the extent that it seeks to impose obligations on Tecogen that exceed the requirements of the Federal Rules of Civil Procedure. Tecogen will respond to the First Request consistent with the Rules.

3.    Tecogen's General Objections are incorporated into each of Tecogen's specific responses and objections. The stating of specific responses and objections to the interrogatories does not constitute a waiver of the Tecogen's General Objections.

4.    The following responses are based upon Tecogen's current knowledge and belief. Tecogen has made a good faith effort to respond to each interrogatory as fully and accurately as possible. Tecogen reserves its right to supplement or amend these responses as circumstances change or new information becomes available.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

For each claim of the '264 patent Tecogen asserts or intends to assert against defendant, fully explain Tecogen' s interpretation of each claim, on a claim element by claim element basis, including any special or uncommon meaning Tecogen attributes to any claim term, identifying the portions of the specification and prosecution history that Tecogen contends supports its interpretation of each claim element or claim term, and identifying all extrinsic evidence that Tecogen contends support its interpretation of the claim element or claim term.

### RESPONSE

Tecogen objects to this interrogatory to the extent that it calls for expert discovery and is therefore premature under the case management scheduling order. Answering further, Tecogen will respond to this interrogatory at the appropriate time during expert discovery as provided by the case management scheduling order.

### INTERROGATORY NO. 2

For each product made, used, sold, or offered for sale by defendant that Tecogen contends infringes the '264 patent, literally or under the doctrine of equivalents, identify on a claim-element-by-element basis where each claim element is found in defendant's product(s).

### RESPONSE

Tecogen objects to this interrogatory to the extent that it calls for expert discovery and is therefore premature under the case management scheduling order. Answering further, Tecogen will respond to this interrogatory at the appropriate time during expert discovery as provided by the case management scheduling order.

## INTERROGATORY NO. 3

Identify each cogeneration module device made, used, tested, sold, or offered for sale, at any time by or for Tecogen, or any entity licensed at any time under the '264 patent, including but not limited to all cogeneration module devices that embody or practice the invention in the '264 patent; and, with respect to said cogeneration module devices made, used, tested, sold, offered for sale, and/or licensed by or for Tecogen, identify the person(s) most knowledgeable about and/or responsible for: conceiving, designing, developing, testing, manufacturing (including, but not limited to, first prototype construction), marketing, advertising, licensing, and/or selling said cogeneration module device(s), including those cogeneration module devices covered by the '264 patent.

## RESPONSE

Tecogen objects to this interrogatory on grounds that it is overbroad, vague, and irrelevant to the extent that it is not limited to the cogeneration modules at issue in this litigation.    Subject to and without waiving this objection, Tecogen identifies the following cogeneration modules at issue in this litigation:

      1.     TECOGEN® CM-75 Standard

      2.     TECOGEN® CM-75 Low Emissions

Answering further, Tecogen objects to this interrogatory to the extent that it calls for information already provided by Tecogen in its initial disclosures under Fed.R.Civ.P. 26(a)(1). Subject to and without waiving this objection, and in addition to the persons with knowledge identified in the initial disclosures, Tecogen identifies the following persons most knowledgeable about the subject matters identified in this interrogatory:

      1.     <u>Jeffrey Glick</u>
             Eastern Regional Sales Manager
             Tecogen, Inc.

             Jeffrey Glick is believed to be the most knowledgeable about Tecogen's business, including the marketing, sales, and offers of sale of Tecogen's cogeneration modules.

      2.     <u>Joseph Gehret</u>
             Engineering Manager
             Tecogen, Inc.

> Joseph Gehret is believed to the most knowledgeable about the technology of cogeneration, including the designing, developing, manufacturing, and testing of the cogeneration modules.

Answering further, Tecogen objects to this interrogatory to the extent that it calls for any entity licensed under the '264 Patent without limiting the use and employment of that license to the cogeneration modules and technology at issue in this litigation. Subject to and without waiving this objection, Tecogen identifies Professional Chemicals Corporation as the sole licensee under the '264 Patent. Tecogen and Professional Chemicals Corporation entered into a licensing agreement on or about January 29, 1992, under which Professional Chemicals Corporation was licensed to use the '264 Patent in internal combustion engine-driven carpet cleaning equipment.

## INTERROGATORY NO. 4

For each claim of the '264 patent, state the earliest date of invention to which Tecogen contends the claim is entitled, and identify all documents that support each earliest date of invention.

## RESPONSE

Tecogen objects to this interrogatory on grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to the particular claims of the '264 patent at issue in this litigation. Answering further, Tecogen states that no one presently employed at Tecogen was involved in the prosecution of the '264 Patent or has personal knowledge or information of the circumstances thereof. Answering further, despite a diligent search, Tecogen has not yet been able to identify any documents concerning the earliest date of invention concerning the claims of the '264 Patent other than the issued patent and, therefore, Tecogen relies at present on the filing date, June 16, 1989.

## INTERROGATORY NO. 5

Identify all purchasers, brokers, distributors, and licensees of Tecogen's cogeneration module devices, including but not limited to those covered by the '264 patent, including identifying any correspondence, communications, contacts, agreements, course of dealings, relating thereto, and any indemnification agreements relating thereto

## RESPONSES

Tecogen objects to this interrogatory on grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it is not limited to the cogeneration modules or time frame at issue in this litigation. Tecogen further objects to this interrogatory on grounds that it seeks confidential, proprietary, and private commercial information.  Subject to and without waiving these objections, Tecogen identifies the following non-confidential entities responsive to this interrogatory:

1.    Aegis Energy Services, Inc.;

2.    Advanced Energy Systems;

3.    All Systems Cogeneration Inc.;

4.    Aircogen;

5.    AmericanDG;

6.    Professional Chemicals Corporation.

## INTERROGATORY NO. 6

Identify all persons or entities with whom Tecogen has discussed the infringement of or validity of the '264 patent, and the time and place of such discussions, including but not limited to discussions with third parties whom Tecogen has informed of any alleged infringement of the '264 patent.

## RESPONSE

Tecogen objects to this interrogatory on grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as it is not limited

to the claims of infringement at issue in this litigation. Tecogen further objects to this interrogatory on grounds that it calls for information protected by the attorney client privilege and work product doctrine and therefore will not produce such protected information. Subject to and without waiving these objections, Tecogen answers that Tecogen has sent infringement notice letters to several entities and will produce such letters from which such entities may be identified.

## INTERROGATORY NO. 7

Identify the author(s) and owner(s) of Tecogen's copyrighted material deposited with the United States Copyright Office on August 31, 2005, which is being asserted against Aegis, and identify the constituent elements of each of said copyrighted material that said authors and/or owners allege constitutes original work.

## RESPONSE

Tecogen identifies the following authors and owners of Tecogen's copyrighted materials deposited with the United States Copyright Office:

1.    Jean Roy is the author of the installation manual;

2.    Joseph Gehret is the author of the computer program;

3.    John Freeman is the author of the operating and maintenance manual;

4.    Tecogen is the owner of Tecogen's copyrighted materials.

Answering further, Tecogen objects to the request for information concerning the "constituent elements" of said copyrighted material on grounds that it calls for information protected by the work product doctrine.

## INTERROGATORY NO. 8

Identify with specificity any similarities between Tecogen's copyrighted material deposited with the United States Copyright Office on August 31, 2005 and any allegedly infringing Aegis' works, delineating each and every occurrence of alleged copying by Aegis including, but not limited to, identifying those areas having substantial similarity in both ideas and expressions of those ideas.

**RESPONSE**

Tecogen objects to this interrogatory on grounds that it calls for information protected by the work product doctrine.

Signed under the pains and penalties of perjury this 7th day of April 2006.

_Robert A Panora_

_____

Robert A. Panora

As to objections:

Julie A. Frohlich (BBO #554707)
Derek B. Domian (BBO #660568)
GOULSTON & STORRS, PC
400 Atlantic Avenue
Boston, MA 02110
Tel:  (617) 482-1776
Fax  (617) 574-4112

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was
served upon the attorney of record for each party by mail
(by hand) on 4/7/06

7

E
X
H
I
B
I
T

E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TECOGEN, INC., | ) |
| | ) |
| Plaintiff, | )    Civil Action No. 05-11823 RCL |
| | ) |
| v. | ) |
| | ) |
| AEGIS ENERGY SERVICES, INC., | )    28 February 2006 |
| AEGENCO, INC., and AEGIS | ) |
| GENERATION COMPANY | ) |
| | ) |
| Defendants | ) |

### DEFENDANT, AEGIS ENERGY SERVICES, INC.'S, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF

Defendant, Aegis Energy Services, Inc., by its attorneys, DeLio & Peterson, LLC., hereby requests, pursuant to Fed. R. Civ. P. 34, that plaintiff, Tecogen, Inc., ("Tecogen"), produce all documents in its possession, custody or control that fall into the categories of documents described herein for inspection and copying at the offices of defendant's attorneys within thirty days after the date of this request.

As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of the term "document" under Rule 34 of the Federal Rules of Civil Procedure, and without limiting the foregoing, includes advertising and marketing literature; agreements; bank records or statements; blueprints; books; account records; booklets; brochures; calendars; charts; checks; circulars; computer printouts; dates in computer readable format; contracts; copies; correspondence; databases; diaries; displays; drafts of any documents; drawings; films; files; transparencies; flyers; forecasts; graphs; indexes; instructions; manuals; invoices; job

requisitions; letters; licenses; data stored on any magnetic media, such as discs or tapes; computer software and supporting documentation, such as flow charts; comments; pseudocode; data flow diagrams; control flow diagrams; product specifications; engineering documents; manuals; maps; memoranda; minutes; newspapers; magazines; notes; notebooks; opinions; pamphlets; papers; periodicals, or other publications; photographs; price lists; promotional literature; receipts; records; recordings; reports; solicitations; statements; statistical compilations; stenographic notes; studies; summaries including memoranda, minutes; notes; records or summaries of messages; conversations; interviews; meetings; conferences; telegrams; telephone logs; travel or expense records; video recordings; video tapes; voice recordings; vouchers; worksheets or working papers; writings; handwritten, printed, reproduced, recorded, typewritten, or graphical materials; or any other documentary material of any nature in plaintiff's possession, custody or control.

A document is considered to be in plaintiff Tecogen's "control" if the plaintiff has the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. A draft or non-identical copy is a separate document within the meaning of this term.

As used herein, the term "communications" includes every manner of disclosure, transfer, transmittal, or exchange of information, including information in the form of facts, ideas, inquiries or otherwise, including all oral conversations, discussions, letters, facsimiles, telegrams, documents, memoranda's, electronic mail, and any other transmission of information in any form, both oral and written.

As used herein, the terms "include", "includes", and "including", and words of similar import, shall be construed as if followed by the words "without limitation."

As used herein, the terms "relates to", "refers to", "pertains to", "referring to", "describing", or "reflecting" mean: constitute, is, comprises, composes, contains, comments on, concerns, describes, embodies, evidences, identifies, states, pertains directly to, pertains indirectly to, relates, refers, is in any way relevant to, or reflects.

As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

As used herein, "defendant" or "Aegis" refers to defendant Aegis Energy Services, Inc.

As used herein, "plaintiff" or "Tecogen" refers to plaintiff Tecogen, Inc., its past or present officers, directors, employees, representatives, agents and attorneys, as well as any predecessor, successor, parent, subsidiary, affiliate or division thereof, whether domestic or foreign and whether owned in whole or in part including but not limited to, entities that maintain ownership in Tecogen, and further including Tecogen's affiliate AmericanDG.

As used herein, the " '264 patent" means U.S. Patent Number 5,033,264 and any reissues, reexaminations, or continuations thereof.

As used herein, the term "patent-in-suit" means the '264 patent, including any reissues, reexaminations, or continuations thereof.

As used herein, the term "person(s)" shall mean all individuals and entities, (without limiting the generality of the foregoing) all individuals, sole proprietorships,

-3-

associations, companies, partnerships, joint ventures, corporations, trusts, estates, or any local, state or federal government body, agency or official.

The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of these interrogatories and requests for production any information that might otherwise be considered to be beyond their scope.

If any information requested by these requests for production of documents and things is withheld under a claim of privilege, please furnish the following with respect to such information:

a) the nature of the privileged claims;

b) the identity of the person making the communication of the privileged information;

c) the identity of each person who received the communication;

d) the date, place and manner of the communication; and,

e) the subject of the communication.

Whenever used herein, the words "all" or "any" shall mean "any and all."

As used herein, the terms "all" or "each" shall both be construed as "all and each."

Each Request shall be answered separately. Should Tecogen object to a Request, or any part thereof, the part or portion of the Request that the objection is directed should be clearly indicated, and the remaining part or portion of the Request must be answered.

If any document called for herein has been destroyed, plaintiff is to identify the date, author, recipients and subject matter of such document, and the date when the document was destroyed, by whom it was destroyed and why it was destroyed.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.  All documents and things that relate to, refer to, or pertain to, the conception, research and development of, reduction to practice, and/or testing of the claimed subject matter of the '264 patent and/or any product or process incorporating the claimed subject matter of the '264 patent.

2.  All documents and things that relate to, refer to, or pertain to, the decision to seek patent protection for the subject matter of the '264 patent, including all invention disclosure forms, prior art searches, prior art search results, and patentability investigations, including communications with any patent attorney or agent.

3.  All documents and things that relate to, refer to, or pertain to, the preparation and prosecution of the application from which the '264 patent issued or any parent application or child application to the application from which the '264 patent issued (including reissues, reexaminations, or continuations thereof), and including but not limited to all communications with the United States Patent and Trademark Office (USPTO).

4.      All documents and things that relate to, refer to, or pertain to, any study regarding patentability, validity, enforceability, scope, or interpretation of the '264 patent or any claim of that patent or any parent application or child application to the application from which the '264 patent issued.

5.      All documents and things that relate to, refer to, or pertain to, any attempt to commercialize the subject matter of the '264 patent or any claim of that patent, including but not limited to all documents and things that relate to any attempt to develop any product that incorporates any portion of the subject matter disclosed or claimed in the '264 patent.

6.      All documents and things that relate to, refer to, or pertain to, any attempt to license the '264 patent.

7.      All agreements by which a license is directly or indirectly granted under the '264 patent, and all documents and things that relate to such agreements.

8.      All documents and things that relate to, refer to, or pertain to, any attempt to enforce the '264 patent, including but not limited to all communications that allege or suggest that a third party may be infringing any claim of the '264 patent.

9.     All documents and things that relate to, refer to, or pertain to, any litigation involving: the '264 patent, the application from which the '264 patent issued, any parent or child application to the application from which the '264 patent issued, or any patent that issued from any of those parent or child applications, including any reissues, reexaminations, or continuations thereof.

10.    All documents and things that relate to, refer to, or pertain to, any secondary considerations that Tecogen alleges show or tend to show that any claim of the '264 patent is not obvious.

11.    All patents applications to, or patents issued by, any foreign patent office that relate to, refer to, or pertain to, the subject matter of the patent-in-suit, and are or were assigned at any time to Tecogen, or name any current or former officer, director, or employee of Tecogen as an inventor, or from which Tecogen inures a benefit.

12.    All documents and things that relate to, refer to, or pertain to, patent applications or patents identified in Request No. 11, the prosecution of those patents, or the prosecution of any application related to those patents, including but not limited to all communications with a foreign patent office or a foreign patent attorney or agent.

13.    All documents and things that relate to, refer to, or pertain to, any insurance agreement acquired by, or inuring to the benefit of, Tecogen regarding intellectual property matters, including patent infringement, copyright infringement, patent defense, and/or copyright defense.

14.    All patent applications whether currently or previously pending before the USPTO, or abandoned, that relate to, refer to, or pertain to, the subject matter of the patent-in-suit, that are or were assigned at any time to Tecogen, or name Tecogen or any current or former officer, director, or employee of Tecogen as an inventor, or from which Tecogen inures a benefit, including but not limited to any reexamination applications or reissue applications.

15.    All documents and things that relate to, refer to, or pertain to, patent applications identified in Request No. 14, the prosecution history of those patent applications, or the prosecution of any application related to those patents, including but not limited to all communications with the USPTO or any patent attorney or agent.

16.    All documents and things that relate to, refer to, or pertain to, any communications regarding a reissue or reexamination of the '264 patent, or any portion of the subject matter disclosed in the '264 patent.

17.    All patent applications currently being prepared for or by Tecogen or any current or former officer, director, or employee of Tecogen for filing with the USPTO or any foreign patent office that relate to, refer to, or pertain to, the subject matter of the patent-in-suit, and all documents and things that relate to those applications, including but not limited to drafts of those applications.

18.    Documents and things sufficient to identify each current director and corporate officer of Tecogen, and their individual job description, duties or responsibilities.

19.    Documents and things sufficient to identify all corporations, partnerships, sole proprietorships, and other business entities that control, are controlled by, or are affiliated with Tecogen, including but not limited to, AmericanDG.

20.    Documents and things sufficient to identify each current director and corporate officer of Tecogen's affiliate AmericanDG, and their individual job description, duties or responsibilities.

21.    Documents and things sufficient to identify any third party responsible wholly or in part for the manufacture, advertising, sale, quality assurance,

and/or testing of any Tecogen cogeneration module device covered by the '264 patent.

22.    All documents and things that relate to, refer to, or pertain to, Tecogen's claim that certain products made, used, offered for sale, or sold by Aegis infringe the '264 patent either literally or under the doctrine of equivalents.

23.    All documents and things constituting, relating to, referring to, or pertaining to, any potential infringement of the '264 patent by products made, used, advertised, offered for sale, or sold by third parties.

24.    All documents and things that relate to, refer to, or pertain to, marketing, selling, and advertising of the subject matter of the patent-in-suit, including but not limited to all market analysis, forecasts, business plans, projections, reports, or presentations relating to past, present, or future sales, either directly or indirectly through licensing, of any of Tecogen's cogeneration module devices.

25.    All documents and things relating to, referring to, or pertaining to, any and all 35 U.S.C. §§ 102 and/or 103 prior art considered by Tecogen or its attorneys or patent agents relating to the patentability and validity of the '264 patent.

26.   All documents and things relating to, referring to, or pertaining to, any opinion concerning the validity or invalidity of the '264 patent.

27.   All documents and things relating to, referring to, or pertaining to, any agreement between Tecogen and manufacturer(s), distributors, sellers, and/or licensees of cogeneration module devices, including but not limited to cogeneration module devices covered by the '264 patent.

28.   One sample (or permitted access thereto) of each prototype, first production build, and current model of Tecogen's cogeneration module devices, including but not limited to the cogeneration module devices covered by the '264 patent.

29.   All notebooks, design notes, development notes, emails, letters, memoranda, documents, and/or communications of any inventor of the subject matter of the patent-in-suit.

30.   For each cogeneration module product covered by the '264 patent, all documents and things that describe or relate to any change to the design and operation of said product(s) made at any time, including but not limited to engineering change request drawings, and the like.

31.  Documents and things sufficient to show the dates by which Tecogen and/or the named inventors conceived the design of the cogeneration module product(s) covered by the '264 patent.

32.  Documents and things sufficient to show the dates by which Tecogen and/or the named inventors completed the design of the cogeneration module product(s) covered by the '264 patent.

33.  Documents and things sufficient to show the dates by which Tecogen and/or the named inventors reduced to practice the claimed invention(s) covered by the '264 patent.

34.  Documents and things sufficient to show the dates by which Tecogen and/or the named inventors commenced the commercial manufacture either directly or through licensing of the cogeneration module product(s) covered by the '264 patent.

35.  Documents and things sufficient to show the dates by which Tecogen and/or the named inventors had in its possession commercial quantities of the cogeneration module product(s) covered by the '264 patent.

36.    Documents and things sufficient to show the dates by which Tecogen and/or the named inventors began marketing, advertising, and/or licensing each of the cogeneration module product(s) covered by the '264 patent.

37.    All documents and things comparing or contrasting any of Tecogen's cogeneration module product(s) covered by the '264 patent with any product made, sold, offered for sale, advertised, marketed, or otherwise distributed by or for Aegis.

38.    All documents and things representing correspondence to and from the United States Copyright Office relating to, referring to, or pertaining to, any document which Tecogen has alleged copyright infringement by Aegis, including but not limited to, application(s) for copyright and copies of the deposited material representing Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s).

39.    All documents and things establishing authorship and/or ownership of each of Tecogen's Installation Manual(s) and/or Tecogen Computer Program(s) which Tecogen has alleged copyright infringement by Aegis, including but not limited to, documents that identify the authors and/or owners of the deposited material representing Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s), notes, emails, drafts, and any other

documents establishing authorship originality of the copyrighted works, the dates of authorship, and/or the dates of ownership.

40.    All documents and things used, considered, referenced, and/or in any way relied upon, by Tecogen and/or authors of Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s) being asserted against Aegis under a claim of copyright infringement, during the creation and any subsequent updating of Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s), including but not limited to reference materials, specification sheets, drawings, photographs, and/or any third party installation manuals and/or third party computer programs.

41.    All documents and things containing, referring to, pertaining to, or relating to, correspondence between Tecogen and any of the defendants in the case-in-suit regarding the drafting of the Tecogen Installation Manual(s) and/or the Tecogen Computer Program(s).

42.    All documents and things establishing a first date of publication for each of Tecogen's Installation Manual(s) and/or Tecogen Computer Program(s) being asserted against Aegis under a claim of copyright infringement.

43.    All documents and things that refer to, reflect, or evidence any communication concerning Tecogen's cogeneration products, equipment,

and/or services, between and/or among Tecogen and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, Chemung County Health Center – Nursing Facility, and/or AmericanDG.

44.    All documents and things that refer to, reflect, or evidence any communication concerning Aegis' cogeneration products, equipment, and/or services between and/or among Tecogen and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, Chemung County Health Center – Nursing Facility, and/or AmericanDG.

45.    All documents and things that refer to, reflect, or evidence any communication between or among Tecogen and Tecogen's affiliate AmericanDG concerning any offer to sell, market, sale, and/or distribution of Tecogen's cogeneration products, equipment, and/or services to Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center – Nursing Facility.

46. All documents and things that refer to, reflect, or evidence any communication between or among Tecogen and Tecogen's affiliate AmericanDG concerning Aegis' cogeneration products, equipment, and/or services, including communications concerning any potential or existing offers to sell, any contracts, and/or potential or existing sales, between Aegis and the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center – Nursing Facility.

47. All documents and things that refer to, reflect, or evidence any communication concerning Tecogen's cogeneration products, equipment, and/or services, between and/or among Tecogen's affiliate AmericanDG and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center – Nursing Facility.

48. All documents and things that refer to, reflect, or evidence any communication concerning Aegis' cogeneration products, equipment, and/or services between and/or among Tecogen's affiliate AmericanDG and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the

Lakeland Central School District, and/or Chemung County Health Center --
Nursing Facility.

49.    All documents and things that refer to, reflect, and/or evidence the necessary
and/or proper certifications required for the sale, distribution, and/or
installation of cogeneration modules, including but not limited to the
identification of the certifications necessary for the sale of cogeneration
modules in the State of New York.

50.    All documents and things that refer to, reflect, evidence, and/or support
Tecogen's allegations that the Aegis Energy supplied Agenco cogeneration
modules do not have proper certifications as alleged by Tecogen in
correspondence identified in defendants' answer, exhibits C, D & M.

51.    All documents and things relating to, referring to, or pertaining to, the
factual basis for each allegation made in Tecogen's complaint.

Submitted by,
**Aegis Energy Services, Inc.**

Dated: 28 February 2006

By:
Anthony P. DeLio
Peter W. Peterson
Robert Curcio
**DELIO & PETERSON, LLC**
121 Whitney Avenue
New Haven, CT  06510
Tel.: (203) 787 – 0595
Fax: (203) 787 – 5818
Attorneys For Defendants
*Pro Hac Vice*

William A. Zucker
David Himelfarb
**GADSBY HANNAH LLP**
225 Franklin Street
Boston, MA 02110
Tel. (617) 345-7016
Fax (617) 204-8016

Attorneys for Defendants

## CERTIFICATE OF SERVICE

This hereby certifies that the foregoing **DEFENDANT, AEGIS ENERGY SERVICES, INC.'S, FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF** was sent by facsimile and mailed this 28th day of February, 2006, by U.S. Postal first class mail, postage pre-paid to:

Julie A. Frohlich, Esq.
Goulston & Storrs, PC
400 Atlantic Avenue
Boston, MA 02110

By: _____
Anthony P. DeLio
Peter W. Peterson
Robert Curcio
**DELIO & PETERSON, LLC**
121 Whitney Avenue
New Haven, CT 06510
Tel.: (203) 787 – 0595
Fax: (203) 787 – 5818
Attorneys *Pro Hac Vice*

aegi901_rfp Aegis first set

-19-

E
X
H
I
B
I
T

F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOGEN, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-11823 RCL |
| | ) |
| v. | ) |
| | ) |
| AEGIS ENERGY SERVICES, INC., | ) **TECOGEN'S RESPONSE TO** |
| AEGENCO, INC., and AEGIS | ) **AEGIS SERVICES, INC's, FIRST** |
| GENERATION COMPANY | ) **SET OF REQUESTS FOR** |
| | ) **PRODUCTION OF** |
| | ) **DOCUMENTS AND THINGS** |
| Defendants | ) |
| | ) |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Tecogen, Inc. ("Tecogen") responds to defendant Aegis Energy Services, Inc's, First Set of Requests For Production of Documents and Things as follows:

## GENERAL OBJECTIONS

1.     Tecogen objects to the First Request to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine, or other privilege.

2.     Tecogen objects to the First Request to the extent that it seeks confidential, proprietary, and private commercial information. Tecogen will produce documents containing such information subject to the terms and conditions of a mutually agreed upon confidentiality agreement.

3.     Tecogen objects to the First Request to the extent that it seeks to impose obligations on Tecogen that exceed the requirements of the Federal Rules of Civil Procedure. Tecogen will respond to the First Request consistent with the Rules.

4.      Tecogen's General Objections are incorporated into each of Tecogen's
specific responses and objections. The stating of specific responses and objections does
not constitute a waiver of the Tecogen's General Objections.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST NO. 1

All documents and things that relate to, refer to, or pertain to, the conception, research
and development of, reduction to practice, and/or testing of the claimed subject matter of
the '264 patent and/or any product or process incorporating the claimed subject matter of
the '264 patent.

### RESPONSE TO REQUEST NO. 1

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not

reasonably calculated to the lead to the discovery of admissible evidence, as it seeks all

documents that refer in any way to the '264 patent without being limited to documents

that concern the claims, defenses, or counterclaims in, or subject matter of, this action.

Tecogen further objects to this request to the extent that it seeks confidential, proprietary,

and private commercial information. Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request, pursuant to a confidentiality agreement.

### REQUEST NO. 2

All documents and things that relate to, refer to, or pertain to, the decision to seek patent
protection for the subject matter of the '264 patent, including all invention disclosure
forms, prior art searches, prior art search results, and patentability investigations,
including communications with any patent attorney or agent.

### RESPONSE TO REQUEST NO. 2

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not

reasonably calculated to the lead to the discovery of admissible evidence. Tecogen

further objects to this request to the extent that it seeks documents protected by the

attorney-client privilege. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 3

All documents and things that relate to, refer to, or pertain to, the preparation and prosecution of the application from which the '264 patent issued or any parent application or child application to the application from which the '264 patent issued (including reissues, reexaminations, or continuations thereof), and including but not limited to all communications with the United States Patent and Trademark Office (USPTO).

## RESPONSE TO REQUEST NO. 3

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks documents protected by the attorney-client privilege. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 4

All documents and things that relate to, refer to, or pertain to, any study regarding patentability, validity, enforceability, scope, or interpretation of the '264 patent or any claim of that patent or any parent application or child application to the application from which the '264 patent issued.

## RESPONSE TO REQUEST NO. 4

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Tecogen further

3

objects to this request to the extent that it calls for documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, and control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 5

All documents and things that relate to, refer to, or pertain to, any attempt to commercialize the subject matter of the '264 patent or any claim of that patent, including but not limited to all documents and things that relate to any attempt to develop any product that incorporates any portion of the subject matter disclosed or claimed in the '264 patent.

## RESPONSE TO REQUEST NO. 5

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 6

All documents and things that relate to, refer to, or pertain to, any attempt to license the '264 patent.

## RESPONSE TO REQUEST NO. 6:

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections,

4

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 7

All agreements by which a license is directly or indirectly granted under the '264 patent, and all documents and things that relate to such agreements.

## RESPONSE TO REQUEST NO. 7

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant,

and not reasonably calculated to the lead to the discovery of admissible evidence.

Tecogen further objects to this request to the extent that it seeks confidential, proprietary,

and private commercial information. Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 8

All documents and things that relate to, refer to, or pertain to, any attempt to enforce the '264 patent, including but not limited to all communications that allege or suggest that a third party may be infringing any claim of the '264 patent.

## RESPONSE TO REQUEST NO. 8

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not

reasonably calculated to the lead to the discovery of admissible evidence. Tecogen

further objects to this request to the extent that it seeks documents protected by the

attorney-client privilege and work product doctrine. Subject to and without waiving

these objections, Tecogen will produce any non-privileged documents in its possession,

custody, or control that are responsive to this request.

## REQUEST NO. 9

All documents and things that relate to, refer to, or pertain to, any litigation involving: the '264 patent, the application from which the '264 patent issued, any parent or child application to the application from which the '264 patent issued, or any patent that issued

5

from any of those parent or child applications, including any reissues, reexaminations, or continuations thereof.

## RESPONSE TO REQUEST NO. 9

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and work product doctrine. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 10

All documents and things that relate to, refer to, or pertain to, any secondary considerations that Tecogen alleges show or tend to show that any claim of the '264 patent is not obvious.

## RESPONSE TO REQUEST NO. 10

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 11

All patents applications to, or patents issued by, any foreign patent office that relate to, refer to, or pertain to, the subject matter of the patent-in-suit, and are or were assigned at any time to Tecogen, or name any current or former officer, director, or employee of Tecogen as an inventor, or from which Tecogen inures a benefit.

6

## RESPONSE TO REQUEST NO. 11

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 12

All documents and things that relate to, refer to, or pertain to, patent applications or patents identified in Request No. 11, the prosecution of those patents, or the prosecution of any application related to those patents, including but not limited to all communications with a foreign patent office or a foreign patent attorney or agent.

## RESPONSE TO REQUEST NO. 12

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 13

All documents and things that relate to, refer to, or pertain to, any insurance agreement acquired by, or inuring to the benefit of, Tecogen regarding intellectual property matters, including patent infringement, copyright infringement, patent defense, and/or copyright defense.

## RESPONSE TO REQUEST NO. 13

Tecogen objects to this request to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 14

All patent applications whether currently or previously pending before the USPTO, or abandoned, that relate to, refer to, or pertain to, the subject matter of the patent-in-suit, that are or were assigned at any time to Tecogen, or name Tecogen or any current or former officer, director, or employee of Tecogen as an inventor, or from which Tecogen inures a benefit, including but not limited to any reexamination applications or reissue applications.

## RESPONSE TO REQUEST NO. 14

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 15

All documents and things that relate to, refer to, or pertain to, patent applications identified in Request No. 14, the prosecution history of those patent applications, or the prosecution of any application related to those patents, including but not limited to all communications with the USPTO or any patent attorney or agent.

## RESPONSE TO REQUEST NO. 15

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it calls for documents protected by the attorney-client privilege. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 16

All documents and things that relate to, refer to, or pertain to, any communications regarding a reissue or reexamination of the '264 patent, or any portion of the subject matter disclosed in the '264 patent.

## RESPONSE TO REQUEST NO. 16

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not

reasonably calculated to the lead to the discovery of admissible evidence.   Tecogen

further objects to this request to the extent that it seeks confidential, proprietary, and

private commercial information.   Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 17

All patent applications currently being prepared for or by Tecogen or any current or former officer, director, or employee of Tecogen for filing with the USPTO or any foreign patent office that relate to, refer to, or pertain to, the subject matter of the patent-in-suit, and all documents and things that relate to those applications, including but not limited to drafts of those applications.

## RESPONSE TO REQUEST NO. 17

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant,

and not reasonably calculated to the lead to the discovery of admissible evidence.

Tecogen further objects to this request to the extent that it seeks confidential, proprietary,

and private commercial information.   Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 18

Documents and things sufficient to identify each current director and corporate officer of Tecogen, and their individual job description, duties or responsibilities.

### RESPONSE TO REQUEST NO. 18

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

### REQUEST NO. 19

Documents and things sufficient to identify all corporations, partnerships, sole proprietorships, and other business entities that control, are controlled by, or are affiliated with Tecogen, including but not limited to, AmericanDG.

### RESPONSE TO REQUEST NO. 19

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

### REQUEST NO. 20

Documents and things sufficient to identify each current director and corporate officer of Tecogen's affiliate AmericanDG, and their individual job description, duties or responsibilities.

### RESPONSE TO REQUEST NO. 20

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

### REQUEST NO. 21

Documents and things sufficient to identify any third party responsible wholly or in part for the manufacture, advertising, sale, quality assurance, and/or testing of any Tecogen cogeneration module device covered by the '264 patent.

### RESPONSE TO REQUEST NO. 21

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request.

### REQUEST NO. 22

All documents and things that relate to, refer to, or pertain to, Tecogen's claim that certain products made, used, offered for sale, or sold by Aegis infringe the '264 patent either literally or under the doctrine of equivalents.

10

## RESPONSE TO REQUEST NO. 22

Tecogen objects to this request to the extent that it calls for documents protected by the attorney client privilege and work product doctrine. Responding further, to the extent that this request calls for expert discovery, Tecogen will produce such documents at the appropriate time under the case management scheduling order. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 23

All documents and things constituting, relating to, referring to, or pertaining to, any potential infringement of the '264 patent by products made, used, advertised, offered for sale, or sold by third parties.

## RESPONSE TO REQUEST NO. 23

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it calls for documents protected by the attorney client privilege and work product doctrine. Responding further, to the extent that this request calls for expert discovery, Tecogen will produce such documents at the appropriate time under the case management scheduling order. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 24

All documents and things that relate to, refer to, or pertain to, marketing, selling, and advertising of the subject matter of the patent-in-suit, including but not limited to all market analysis, forecasts, business plans, projections, reports, or presentations relating to past, present, or future sales, either directly or indirectly through licensing, of any of Tecogen's cogeneration module devices.

11

## RESPONSE TO REQUEST NO. 24

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 25

All documents and things relating to, referring to, or pertaining to, any and all 35 U.S.C. §§ 102 and/or 103 prior art considered by Tecogen or its attorneys or patent agents relating to the patentability and validity of the '264 patent.

## RESPONSE TO REQUEST NO. 25

Tecogen objects to this request to the extent that it calls for documents protected by the attorney client privilege and work product doctrine. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 26

All documents and things relating to, referring to, or pertaining to, any opinion concerning the validity or invalidity of the '264 patent.

## RESPONSE TO REQUEST NO. 26

Tecogen objects to this request to the extent that it calls for documents protected by the attorney client privilege and work product doctrine. Responding further, to the extent that this request calls for expert discovery, Tecogen will produce such documents at the appropriate time under the case management scheduling order. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 27

All documents and things relating to, referring to, or pertaining to, any agreement between Tecogen and manufacturer(s), distributors, sellers, and/or licensees of cogeneration module devices, including but not limited to cogeneration module devices covered by the '264 patent.

## RESPONSE TO REQUEST NO. 27

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not

reasonably calculated to the lead to the discovery of admissible evidence. Tecogen

further objects to this request to the extent that it seeks confidential, proprietary, and

private commercial information. Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 28

One sample (or permitted access thereto) of each prototype, first production build, and current model of Tecogen's cogeneration module devices, including but not limited to the cogeneration module devices covered by the '264 patent.

## RESPONSE TO REQUEST NO. 28

Tecogen will permit access to the current model of (1) the Cogeneration Module CM-75

Standard and (2) the CM-75 Low Emissions at a mutually agreeable time and location.

## REQUEST NO. 29

All notebooks, design notes, development notes, emails, letters, memoranda, documents, and/or communications of any inventor of the subject matter of the patent-in-suit.

## RESPONSE TO REQUEST NO. 29

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not

reasonably calculated to the lead to the discovery of admissible evidence. Tecogen

further objects to this request to the extent that it seeks confidential, proprietary, and

private commercial information. Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 30

For each cogeneration module product covered by the '264 patent, all documents and things that describe or relate to any change to the design and operation of said product(s) made at any time, including but not limited to engineering change request drawings, and the like.

## RESPONSE TO REQUEST NO. 30

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it seeks confidential, proprietary, and private commercial information. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request, pursuant to a confidentiality agreement.

## REQUEST NO. 31

Documents and things sufficient to show the dates by which Tecogen and/or the named inventors conceived the design of the cogeneration module product(s) covered by the '264 patent.

## RESPONSE TO REQUEST NO. 31

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely to lead to the discovery of admissible evidence.

## REQUEST NO. 32

Documents and things sufficient to show the dates by which Tecogen and/or the named inventors completed the design of the cogeneration module product(s) covered by the '264 patent.

## RESPONSE TO REQUEST NO. 32

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely to lead to the discovery of admissible evidence.

## REQUEST NO. 33

Documents and things sufficient to show the dates by which Tecogen and/or the named inventors reduced to practice the claimed invention(s) covered by the '264 patent.

## RESPONSE TO REQUEST NO. 33

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

## REQUEST NO. 34

Documents and things sufficient to show the dates by which Tecogen and/or the named inventors commenced the commercial manufacture either directly or through licensing of the cogeneration module product(s) covered by the '264 patent.

## RESPONSE TO REQUEST NO. 34

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

## REQUEST NO. 35

Documents and things sufficient to show the dates by which Tecogen and/or the named inventors had in its possession commercial quantities of the cogeneration module product(s) covered by the '264 patent.

## RESPONSE TO REQUEST NO. 35

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

## REQUEST NO. 36

Documents and things sufficient to show the dates by which Tecogen and/or the named inventors began marketing, advertising, and/or licensing each of the cogeneration module product(s) covered by the '264 patent.

## RESPONSE TO REQUEST NO. 36

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely

to lead to the discovery of admissible evidence.

## REQUEST NO. 37

All documents and things comparing or contrasting any of Tecogen's cogeneration module product(s) covered by the '264 patent with any product made, sold, offered for sale, advertised, marketed, or otherwise distributed by or for Aegis.

## RESPONSE TO REQUEST NO. 37

Tecogen objects to this request to the extent that it calls for documents protected by the

attorney client privilege and work product doctrine.

## REQUEST NO. 38

All documents and things representing correspondence to and from the United States Copyright Office relating to, referring to, or pertaining to, any document which Tecogen has alleged copyright infringement by Aegis, including but not limited to, application(s) for copyright and copies of the deposited material representing Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s).

## RESPONSE TO REQUEST NO. 38

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request.

## REQUEST NO. 39

All documents and things establishing authorship and/or ownership of each of Tecogen's Installation Manual(s) and/or Tecogen Computer Program(s) which Tecogen has alleged copyright infringement by Aegis, including but not limited to, documents that identify the authors and/or owners of the deposited material representing Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s), notes, emails, drafts, and any other documents establishing authorship originality of the copyrighted works, the dates of authorship, and/or the dates of ownership.

## RESPONSE TO REQUEST NO. 39

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request.

## REQUEST NO. 40

All documents and things used, considered, referenced, and/or in any way relied upon, by Tecogen and/or authors of Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s) being asserted against Aegis under a claim of copyright infringement, during the creation and any subsequent updating of Tecogen's Installation Manual(s) and/or Tecogen's Computer Program(s), including but not limited to reference materials,

16

specification sheets, drawings, photographs, and/or any third party installation manuals and/or third party computer programs.

## RESPONSE TO REQUEST NO. 40

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 41

All documents and things containing, referring to, pertaining to, or relating to, correspondence between Tecogen and any of the defendants in the case-in-suit regarding the drafting of the Tecogen Installation Manual(s) and/or the Tecogen Computer Program(s).

## RESPONSE TO REQUEST NO. 41

Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 42

All documents and things establishing a first date of publication for each of Tecogen's Installation Manual(s) and/or Tecogen Computer Program(s) being asserted against Aegis under a claim of copyright infringement.

## RESPONSE TO REQUEST NO. 42

Tecogen objects to this request to the extent that it is irrelevant and not reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control that are responsive to this request.

## REQUEST NO. 43

All documents and things that refer to, reflect, or evidence any communication concerning Tecogen's cogeneration products, equipment, and/or services, between and/or

17

among Tecogen and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, Chemung County Health Center - Nursing Facility, and/or AmericanDG.

## RESPONSE TO REQUEST NO. 43

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control for the time period from 2004 to present that are responsive to this request.

## REQUEST NO. 44

All documents and things that refer to, reflect, or evidence any communication concerning Aegis' cogeneration products, equipment, and/or services between and/or among Tecogen and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, Chemung County Health Center - Nursing Facility, and/or AmericanDG.

## RESPONSE TO REQUEST NO. 44

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving these objections, Tecogen will produce any non-privileged documents in its possession, custody, or control for the time period from 2004 to present that are responsive to this request.

## REQUEST NO. 45

All documents and things that refer to, reflect, or evidence any communication between or among Tecogen and Tecogen's affiliate AmericanDG concerning any offer to sell, market, sale, and/or distribution of Tecogen's cogeneration products, equipment, and/or services to Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center - Nursing Facility.

## RESPONSE TO REQUEST NO. 45

Tecogen objects to this request to the extent that it is neither relevant or reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving this objection, Tecogen states that, to the best of its knowledge, information, and belief, it does not have any documents in its possession, custody, or control that are responsive to the request.

## REQUEST NO. 46

All documents and things that refer to, reflect, or evidence any communication between or among Tecogen and Tecogen's affiliate AmericanDG concerning Aegis' cogeneration products, equipment, and/or services, including communications concerning any potential or existing offers to sell, any contracts, and/or potential or existing sales, between Aegis and the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center - Nursing Facility.

## RESPONSE TO REQUEST NO. 46

Tecogen objects to this request to the extent that it is neither relevant or reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving this objection, Tecogen states that, to the best of its knowledge, information, and belief, it does not have any documents in its possession, custody, or control that are responsive to the request.

## REQUEST NO. 47

All documents and things that refer to, reflect, or evidence any communication concerning Tecogen's cogeneration products, equipment, and/or services, between and/or among Tecogen's affiliate AmericanDG and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center - Nursing Facility.

## RESPONSE TO REQUEST NO. 47

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence.

Tecogen further objects to this request to the extent that it is neither relevant or reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving this objection, Tecogen states that, to the best of its knowledge, information, and belief, it does not have any documents in its possession, custody, or control that are responsive to the request.

## REQUEST NO. 48

All documents and things that refer to, reflect, or evidence any communication concerning Aegis' cogeneration products, equipment, and/or services between and/or among Tecogen's affiliate AmericanDG and any of the following: Atlantic Energy Services, Inc., the Auburn School District, J&E Electric, Inc., J&M Heating and Air Conditioning, Inc., the Lakeland Central School District, and/or Chemung County Health Center -Nursing Facility.

## RESPONSE TO REQUEST NO. 48

Tecogen objects to this request to the extent that it is overbroad, cumulative, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen further objects to this request to the extent that it is neither relevant or reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving this objection, Tecogen states that, to the best of its knowledge, information, and belief, it does not have any documents in its possession, custody, or control that are responsive to the request.

## REQUEST NO. 49

All documents and things that refer to, reflect, and/or evidence the necessary and/or proper certifications required for the sale, distribution, and/or installation of cogeneration modules, including but not limited to the identification of the certifications necessary for the sale of cogeneration modules in the State of New York.

## RESPONSE TO REQUEST NO. 49

Tecogen objects to this request to the extent that it is overbroad, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Tecogen

further objects to this request to the extent that it calls for documents and things

concerning certifications that are not limited to the claims, defenses, or counterclaims in,

or subject matter of, this action.  Subject to and without waiving these objections,

Tecogen will produce any non-privileged documents in its possession, custody, or control

that relate to any certifications in dispute.

**REQUEST NO. 50**

All documents and things that refer to, reflect, evidence, and/or support Tecogen's
allegations that the Aegis Energy supplied Agenco cogeneration modules do not have
proper certifications as alleged by Tecogen in correspondence identified in defendants'
answer, exhibits C, D & M.

**RESPONSE TO REQUEST NO. 51**

Tecogen will produce any non-privileged documents in its possession, custody, or control

that are responsive to this request.

**REQUEST NO. 51**

All documents and things relating to, referring to, or pertaining to, the factual basis for
each allegation made in Tecogen's complaint.

**RESPONSE TO REQUEST NO. 51**

Tecogen objects to this request to the extent that it is overbroad and unduly burdensome.

Subject to and without waiving this objection, Tecogen will produce any non-privileged

documents in its possession, custody, or control that relate to any certifications in dispute.

Responses by,

TECOGEN, INC.,

By its attorneys,

Dated: April 7, 2006

Julie A. Frohlich (BBO #554707)
Derek B. Domian (BBO #660568)
GOULSTON & STORRS, PC
400 Atlantic Avenue
Boston, MA 02110
Tel: (617) 482-1776
Fax (617) 574-4112

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was
served upon the attorney of record for each party by mail or
(by hand) on 4/7/06

E
X
H
I
B
I
T

G


**United States Copyright Office**

# Copyright Registration for Computer Programs

## Definition

A "computer program" is a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result.

## Extent of Copyright Protection

Copyright protection extends to all the copyrightable expression embodied in the computer program. Copyright protection is not available for ideas, program logic, algorithms, systems, methods, concepts, or layouts.

## What to Send

- A completed application form (typically Form TX)
- A nonrefundable filing fee* payable to *Register of Copyrights*
- One copy of identifying material (see "Deposit Requirements" below)

Mail *all* the above material in the same envelope or package addressed to:

> *Library of Congress*
> *Copyright Office*
> *101 Independence Avenue SE*
> *Washington, DC 20559-6000*

**\*NOTE:** Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

## Completing Form TX

These points do not cover all the required information on the application. Be sure to refer to the instructions on Form TX before completing the application.

**Space 2. Nature of Authorship** · In the "Nature of Authorship" space describe the copyrightable authorship in the computer program for which registration is sought. Acceptable statements include "computer program," "entire text of computer program," "entire program code," "text of user's manual and computer program," etc. Do *not* refer to design, physical form, hardware, or algorithm. Do *not* describe the program's features or functions.

Circular 61

**Space 3. Year of Creation** · Give the year of creation and the exact date of first publication, if any, for the particular version of the computer program for which registration is sought.

**Space 6. Derivative Work or Compilation** · Complete this space if the computer program contains a substantial amount of previously published, registered, or public domain material such as subroutines, modules, textual images, or if the work was developed using an underlying computer program or authoring tool. Space 6a may state "previous version." Typical examples of descriptions of new material for space 6b include "revised computer program," "editorial revisions," "revisions and additional text of computer program," "new programming text," etc. Do *not* refer to debugging, error corrections, new functions of the revised program, or other unregistrable elements.

## Deposit Requirements

### Computer Programs Without Trade Secrets

For published or unpublished computer programs, send one copy of identifying portions of the program (first 25 and last 25 pages of source code) reproduced in a form visually perceptible without the aid of a machine or device, either on paper or in microform, together with the page or equivalent unit containing the copyright notice, if any.

For a program less than 50 pages in length, send a visually perceptible copy of the entire source code. For a revised version of a program that has been previously published or previously registered or that is in the public domain, if the revisions occur throughout the entire program, send the page containing the copyright notice, if any, and the first 25 and last 25 pages of source code. If the revisions are not contained in the first 25 and last 25 pages, send any 50 pages representative of the revised material in the new program, together with the page or equivalent unit containing the copyright notice, if any, for the revised version.

In any case where the program is so structured that it has no identifiable beginning or end, the applicant should make a determination as to which pages may reasonably represent the first 25 and last 25 pages.

Where an applicant is unable or unwilling to deposit source code, he/she must state in writing that the work as deposited in object code contains copyrightable authorship. The Office will send a letter stating that registration has been made under its rule of doubt and warning that it has not determined the existence of copyrightable authorship.

If a published user's manual or other printed documentation accompanies the computer program, deposit one copy

of the user's manual along with one copy of the identifying material for the program.

For programs written in HyperCard® and other scripted languages, the script is considered the equivalent of source code. Thus, the same number of pages of script would be required as is required for source code. Reproductions of on-screen text, buttons, and commands are not an appropriate substitute for this source code deposit. Where a scripted program contains trade secrets, the deposit of script pages must meet the requirements below.

**NOTE:** When a computer program is embodied in a CD-ROM, ordinarily the entire CD-ROM package must be deposited, including a complete copy of any accompanying operating software and instructional manual. If registration is sought for the computer program, the deposit should also include a printout of the first 25 and last 25 pages of source code for the program.

### Computer Programs Containing Trade Secrets

Where a computer program contains trade secret material, include a cover letter stating that the claim contains trade secrets, along with the page containing the copyright notice, if any, plus one of the following:

**Entirely new computer programs** · First 25 and last 25 pages of source code with portions containing trade secrets blocked out; or

First 10 and last 10 pages of source code alone, with no blocked out portions; or

First 25 and last 25 pages of object code plus any 10 or more consecutive pages of source code, with no blocked-out portions; or

For programs 50 pages or less in length, entire source code with trade secret portions blocked out.

**Revised computer programs** · If the revisions are present in the first 25 and last 25 pages, any one of the 4 options above, as appropriate; or

If the revisions are *not* present in the first 25 and the last 25 pages:

- 20 pages of source code containing the revisions with no blocked out portions; or
- any 50 pages of source code containing the revisions with some portions blocked out.

**NOTE:** *Whenever portions of code are blocked out, the following requirements must be met:*

1 *the blocked out portions must be proportionately less than the material remaining; and*

2    *the visible portion must represent an appreciable amount of original computer code.*

**Points to Remember** · Each separately published version of a computer program that contains new, copyrightable authorship *must be registered separately,* with a new application and fee. Registration of the first version may extend to the entire work if it contains no previously published or registered portions. Registration of any subsequent version covers only the new or revised material added to that version. The version of the work that is deposited should be the same version described on the application; thus, the title and dates on the application should correspond with those on the deposit copy.

**NOTE:** If the version to be registered is no longer available, it may be possible to register it using a later version under a grant of special relief. In this case, submit a written request for special relief to the Copyright Office, Attention: Examining Division Office. Explain why the required version is not available and indicate what percentage of the authorship from the version to be registered remains in the version you are depositing. Your request will be evaluated upon receipt.

If the deposit material for the computer program has a copyright notice containing multiple year dates, the Copyright Office will question whether the particular program is a revised or derivative version if space 6 of the application has not been completed. If the program is not a derivative work and if the multiple year dates in the notice refer to *internal* revisions or *the history of development* of the program, please put that information in a cover letter to help speed processing.

If the deposit material for the computer program does not give a printed title and/or version indicator, please add the title and any indicia that can be used in identifying the particular program.

## Screen Displays

Copyright protection for computer screen displays, including videogames, has been an issue in the courts for some time. Courts have differed in their opinions regarding whether screen displays may be registered separately.

The Copyright Office has consistently believed that a single registration is sufficient to protect the copyright in a computer program and related screen displays, including videogames, without a separate registration for the screen displays or a specific reference to them on the application for the computer program. An application may give a general description in the "nature of authorship" space, such as "entire work" or "computer program." This description will cover any copyrightable authorship contained in the computer program and screen displays, regardless of whether identifying material for the screen is deposited.

A specific claim in the screen displays may be asserted on the application. In such a case, identifying materials for the screens must be deposited.

## How to Register Computer Programs Containing Copyrightable Screen Displays

A single registration should be made in the class appropriate to the predominant authorship. Because the computer program is a literary work, literary authorship will predominate in most works, including many in which there are screen graphics. Therefore, registration will usually be appropriate on Form TX. If pictorial or graphic authorship predominates, registration may be made on Form PA as an audiovisual work.

The registration will extend to any related copyrightable screens, regardless of whether identifying material for the screens is deposited. If identifying material for screen displays is deposited and if there is a specific claim in screens, the identifying material will be examined for copyrightability. Where the application refers specifically to screen displays, identifying material for the screens *must* be deposited. Where the screens are essentially not copyrightable (e.g., *de minimis* menu screens, blank forms, or the like), the application should *not* refer to screens.

If screen display authorship has already been registered without a claim in the computer program, a separate registration may be made for the program. In such a case, the normal requirements for registration of a computer program apply.

If a computer program has already been registered without a specific claim asserted in the related screen displays, a separate registration for the screens is not required, but will be permitted. In such a case, the application should describe the nature of authorship appropriately, for example, "text of screen displays" or "audiovisual material." Identifying material for the screens containing copyrightable authorship must be deposited.

**Note regarding websites:** Registration of a computer program used in an online work does *not* automatically cover any visible or audible copyrightable elements that are generated by the code. To register those portions of an online work, the entire copyrightable content must be deposited. It is possible to register the computer program together with the online work, but the deposit requirements for both the program and the online work must be fulfilled. See Circular 66, *Copyright Registration for Online Works,* for important information on the required deposit and how to complete the application when registering online works.

4 · Copyright Registration for Computer Programs

## Notice of Copyright

Before March 1, 1989, the use of copyright notice was man-datory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional. For more information about copyright notice, see Circular 3, *Copyright Notice.*

## How to Register a Computer Program and Its Related Screen Displays

- Select the application form appropriate for the predomi-nant authorship.
- Refer to the options below to complete space 2 of the application and to determine whether to file identifying material for the screen displays.

**Option 1** · If the nature of authorship is "entire work" *or* "entire computer program", then depositing identifying material for screens (in addition to required source code) is optional.

**Option 2** · If the nature of authorship is "entire computer program, including text of screen displays" *or* "entire com-puter program, including audiovisual material" *or* "entire computer program, including artwork on screen displays," then depositing identifying material for screens (in addition to required source code) is required.

**NOTE:** The description of authorship on the application should not refer to elements such as "menu screens," "structure, sequence and organization," "layout," "format," or the like.

**NOTE:** Identifying material for screen displays should consist of printouts, photographs, or drawings clearly revealing the screens. For works that are predominantly audiovisual, such as videogames, ½" VHS videotape is acceptable. All screen identifying material will be examined for copyrightability. If screens are reproduced in a manual, the manual will suffice as identifying material.

## Effective Date of Registration

*A copyright registration is effective on the date the Copyright Office receives all the required elements in acceptable form,* regardless of how long it then takes to process the applica-

tion and mail the certificate of registration. The time the Copyright Office requires to process an application varies, depending on the amount of material the Office is receiv-ing. It may take several days for mailed material to reach the Copyright Office and for the certificate of registration to reach the recipient.

If you apply for copyright registration, you will not receive an acknowledgment that your application has been received (the Office receives more than 600,000 applications annually), but you can expect:

- a letter or a telephone call from a Copyright Office staff member if further information is needed, or
- a certificate of registration indicating that the work has been registered, or if the application cannot be accepted, a letter explaining why it has been rejected.

If you want to know the date that the Copyright Office receives your material, send it by registered or certified mail and request a return receipt.

## For Further Information

### Information via the Internet

Circulars, announcements, regulations, other related materi-als, and all copyright application forms are available from the Copyright Office website at *www.copyright.gov.*

### Information by telephone

For general information about copyright, call the Copy-right Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Staff members are on duty from 8:30 AM to 5:00 PM, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

### Information by regular mail

Write to:

*Library of Congress*
*Copyright Office*
*Publications Section*
*101 Independence Avenue SE*
*Washington, DC 20559-6000*

U.S. Copyright Office · Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 61  REV: 07/2006  PRINT: 07/2006—··,000   Printed on recycled paper                    U.S. GOVERNMENT PRINTING OFFICE: 2006-XXX-XXX/XXXXX