UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TECOGEN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-11823 RCL |
| ) | |
| AEGIS ENERGY SERVICES, INC., ) | |
| AEGENCO, INC. and ) | |
| AEGIS GENERATION COMPANY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT AEGIS ENERGY SERVICE'S MOTION TO COMPEL DISCOVERY**

Plaintiff Tecogen, Inc. ("Tecogen") hereby responds to defendant Aegis Energy Service's ("Aegis") Motion to Compel Discovery. In its motion, Aegis seeks further discovery with respect to items (a) - (e). These items request that Tecogen either advance Aegis's work product by revealing Tecogen's own, or further explain documents that Tecogen has already produced to Aegis. Nevertheless, in an effort to conclude this phase of discovery, Tecogen responds to each item as follows:[1]

(a)   identification of the constituent elements of each of the copyrighted materials that Tecogen alleges constitutes original work, specifically, Tecogen's computer software code.

On August 31, 2005, Tecogen applied to the United States Copyright Office for copyright registration of its computer software code TecoNet Computer Program, which is used in Tecogen's cogeneration modules. On February 26, 2007, Tecogen produced to

---

[1] During the parties' Local Rule 37.1 Conference on March 9, 2007, counsel for Tecogen explained to counsel for Aegis that many of the items that now form the basis of Aegis's motion to compel could be voluntarily resolved upon further discussion with Tecogen. What follows is Tecogen's effort to resolve each of the items.

Aegis the copyright application and deposited sections of the computer software code. In further response to item (a), Tecogen serves on Aegis the entire version of the computer software code deposited with the Copyright Office, and a supplemental interrogatory response that confirms that the entire deposited code constitutes original work.[2]

    (b)    identification with specificity of any similarities between Tecogen's copyrighted material and any allegedly infringing works by Aegis, delineating each and every occurrence of alleged copying.

Tecogen originally objected to this request on grounds that it requested not only the identification of original work in Tecogen's copyrighted material that Aegis could then compare with its own work to determine the extent of resemblance and thus infringement; it requested that Tecogen perform this determination for Aegis, providing side-by-side attorney comparisons of the respective works. In an effort to advance discovery, however, Tecogen agreed to provide a self-generated comparison of Tecogen's Installation Manual with Aegis's Installation Manual. In item (b), Aegis requests that Tecogen again perform Aegis's work by providing a comparison of Tecogen's computer software code with Aegis's software code. In response to this item, Tecogen serves on Aegis a supplemental interrogatory response and supporting documentation that identifies a "signature" in the use of the "RPM 30 > with 1s delay" criterion found in Aegis's cogeneration functionality (as demonstrated on pages 46 and 72 of the manual served herewith) that is also found in Tecogen's cogeneration functionality. Tecogen implemented the RPM criterion to address a specific condition termed hydro-lock occasionally experienced in Tecogen's cogeneration devices; this condition, and the particular manner in which Tecogen chose to detect it, reflect non-

---

[2] The materials referenced herein will be served on Aegis in hard copy simultaneously with this response. To minimize the size of the electronic filing, hard copies will be available to the Court upon request.

uniform conditions and choices that are not expected to be found in the functionality of other cogeneration devices.[3]  In addition, the 30 RPM and 1 second limitation values adopted by Aegis are exactly the values used by Tecogen.

> (c) verification of the materials allegedly registered with the Copyright Office, specifically the identification of entire computer software code as it existed at the time of deposit.

On August 31, 2005, Tecogen applied to the United States Copyright Office for copyright registration of its computer software code TecoNet Computer Program, which is used in Tecogen's cogeneration modules.  On February 26, 2007, Tecogen produced to Aegis the copyright application and deposited sections of the computer software code.  In further response to item (c), Tecogen serves on Aegis the entire version of the computer software code deposited with the Copyright Office.

> (d) documents referenced or relied upon by the authors of Tecogen's Installation Manual and Tecogen's Computer Program during the creation and any subsequent updating thereof.

On February 26, 2007, Tecogen produced a marked-up copy of Tecogen's Installation Manual that identified each area of non-original work.  The marked-up copy was created by the main author of the Installation Manual, Jean Roy.  In item (d), Aegis now requests the actual sources of the non-original material.  In further response to item (d), Tecogen serves on Aegis the sources of the non-original material with cross-references to Tecogen's Installation Manual.  In addition, Tecogen identifies the following stand-alone documents that were furnished to Tecogen by third party

---

[3] Tecogen does not have access to Aegis's computer software code, so a side-by-side comparison of the actual Tecogen and Aegis codes is not feasible at this time.  This comparison would be advanced, however, to the extent that Aegis produces any and all documents relating to its own software code, including, for example, any service manuals that demonstrate settings, specifications, and other functionality built into its code.

manufacturers and directly incorporated into Tecogen's Installation Manual: Figure 1.2a on page 9; 12.b on page 10; 2.8a, 2.8b, and 2.8c on pages 35 and 36; and pages 54, 66, 67, 68 and 69. Because Tecogen's computer software code is entirely original, there are no sources of non-original work to be produced or identified.

   (e)  documents supporting the factual basis for each allegation made in Tecogen's complaint, specifically Tecogen's claim for copyright infringement of its computer software, and its claim for unfair competition.

In response to this catch-all request, Tecogen states that it has produced all documents in its possession, custody, and control that support the factual basis for the allegations made in its complaint.

## **CONCLUSION**

Tecogen has now responded to Aegis's First Request for Documents and First Set of Requests for Interrogatories on at least three separate occasions. Accordingly, Tecogen respectfully requests that the Court order that discovery under Aegis's First Request for Documents and First Set of Requests for Interrogatories, including Aegis's request for further discovery under items (a) through (e), is concluded.

                  TECOGEN, INC.

                  By its attorneys,

                  /s/ Derek B. Domian
                  _____
                  Julie A. Frohlich (BBO #554707)
                  Derek B. Domian (BBO #660568)
                  GOULSTON & STORRS, PC
                  400 Atlantic Avenue
                  Boston, Massachusetts 02110-3333
Dated: March 27, 2007          (617) 482-1776